HOWARD et al., Appellees,

v.

CUNARD LINE LIMITED, Appellant.

[Cite as *Howard v. Cunard Line Ltd.* (1988), 62 Ohio App.3d 285.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54786.

Decided Dec. 27, 1988.

*Gary B. Garson,* for appellees.

*Arter & Hadden, Raymond J. Marvar* and *Irene C. Keyse–Walker,* for appellant.

---

DYKE, Judge.

On October 20, 1984, the plaintiffs contacted a Cuyahoga County travel agency to reserve a cabin aboard defendant Cunard Line Limited's cruise ship for a Caribbean cruise. Melvyn G. Howard, by way of affidavit, stated that he learned about Cunard Line Limited, and specifically the cruise he booked, through advertisements in local Cleveland newspapers as well as brochures provided him by the local travel agent.

Plaintiffs' travel agent booked the reservation. Frank V. Kelly, Administrator of Legal Affairs for Cunard Line Limited, stated in his affidavit that the contractual offer for a cruise was accepted and consummated in the state of New York.

On December 18, 1985, plaintiff Howard filed his complaint against Cunard Line Limited in the Cuyahoga County Common Pleas Court seeking compensatory and punitive damages because the air conditioning unit in his cabin did not work properly. Plaintiff alleged that Cunard "falsely, fraudulently and maliciously" assured him that the unit would be repaired, and as a direct and proximate result of Cunard's "false, fraudulent and inconsiderate conduct," he and his wife were "caused to endure two (2) rather unhappy and intolerable weeks * * *." Cunard did not answer or file an appearance.

On April 19, 1986, plaintiffs obtained a $15,000 default judgment. On April 9, 1987, Cunard moved the trial court to vacate the default judgment claiming it was void because the trial court lacked *in personam* jurisdiction over Cunard when it entered the default judgment. Cunard Line Limited stated that it was a corporation duly organized and existing under the laws of the United Kingdom with its principal place of business in London, England. Cunard claimed it had never been incorporated in Ohio, never transacted any business in Ohio, nor was it registered to do any business here. Cunard argued that the default judgment against it should be vacated because it did not have certain minimum contacts with Ohio so as to provide the trial court with *in personam* jurisdiction. The motion to vacate was supported by Frank V. Kelly's affidavit. Kelly is Cunard's Administrator of Legal Affairs. Plaintiff Howard opposed the motion to vacate and attached as evidence his own affidavit.

The trial court overruled Cunard's motion to vacate and it is from that ruling which Cunard appeals and assigns one error for review.

## I

"The trial court erred by refusing to vacate a void default judgment entered without personal jurisdiction over the defendant."

■ "A motion to vacate judgment on jurisdictional grounds is a direct attack upon a judgment authorized by common law, and constitutes an allegation that the judgment is void." *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417. A direct attack on a judgment alleging no personal jurisdiction need not satisfy the requirements of Civ.R. 60(B).

■ The issue before us is whether the Cuyahoga County Common Pleas Court, consistent with the due process requirements of the Fourteenth Amendment, could obtain *in personam* jurisdiction over the non-resident defendant.

The constitutional standard for obtaining non-resident jurisdiction was set forth in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. In that case, the court stated that a defendant must "have certain minimum contacts with * * * [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " "An essential ingredient in these cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State. *International Shoe Co., supra,* at 316–317, 66 S.Ct. at 158–159, 90 L.Ed. at 101–103. In *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1297, the court stated that, 'it is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state.' " *Kleinfeld v. Link* (1983), 9 Ohio App.3d 29, 9 OBR 30, 457 N.E.2d 1187.

In *Gelfand v. Costa Cruises* (Jan. 15, 1987), Cuyahoga App. No. 53411, unreported, 1987 WL 5467, the plaintiff sued the defendant cruise line in Ohio. The plaintiff sought to establish personal jurisdiction through the cruise line's solicitation of passengers in Ohio and contacts with Ohio travel agents which booked the cruises. The unrebutted affidavit of the vice president of the cruise line averred that the travel agency which booked the cruise was not an exclusive agent of the cruise line nor did it possess the authority to bind the cruise line. He further stated that the reservation was received and the booking passage issued in Florida.

The court in *Gelfand* held:

"It is clear all the acts but for the mere solicitation of appellants as passengers took place outside the territorial jurisdiction of Ohio. Consequently, in light of *International Shoe, supra,* the maintenance of this personal injury suit cannot be in Ohio since to do otherwise would offend 'traditional notions of fair play and substantial justice.' *International Shoe, supra* [326 U.S.] at 316 [66 S.Ct. at 158, 90 L.Ed. at 102]."

The present case contains similar facts. In this instance plaintiff Howard like the plaintiff in *Gelfand* sought to establish *in personam* jurisdiction through Cunard's solicitation of passengers in local Cleveland newspapers and contacts with an Ohio travel agency which booked his cruise.

Cunard's sworn allegations established that:

"3. Cunard does not own or lease any property in Ohio and does not maintain any office, bank accounts or telephone number in Ohio. Further, Cunard does not maintain, own or control any assets, tangible or intangible, in Ohio.

"6. Cunard does not contract with local travel agents for exclusive rights to make reservations for passengers aboard its vessel. Travel agents who arrange cruise reservations on the Cunard Princess are not given exclusive rights to make reservations for customers aboard the ship or on behalf of Cunard. Many different travel agencies may book reservations for passengers on the Cunard Princess. Travel agents are agents of the customer/passenger.

"7. Travel agents and agencies are not agents of Cunard. They are agents of the customer/passenger. Travel agencies do not possess authority to contractually bind Cunard. The function of a travel agent is to contact the New York office of Cunard to obtain a booking passage for the passenger. Reservations are received and the booking passage is issued in the State of New York."

It is undisputed that the only contact Cunard had with Ohio was its solicitation of cruises through newspaper advertising and brochures from the travel agent. Defendant's allegation that the travel agent was not their agent is unrebutted as well as their statement that the contract was executed in New York.

The court in *Gelfand, supra,* also based its decision, in which it rejected *in personam* jurisdiction, on the fact that the defendant did not have any of the minimal contacts to satisfy any of the requirements of Ohio's long arm statute, R.C. 2307.382(A).

R.C. 2307.382(A) provides:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state;

"(2) Contracting to supply services or goods in this state;

"(3) Causing tortious injury by an act or omission in this state;

"(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

"(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

"(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

"(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.[;]

"(8) Having an interest in, using, or possessing real property in this state;

"(9) Contracting to insure any person, property, or risk located within this state at the time of contracting."

The *Gelfand* court found "[s]ubsection (1) is inapplicable due to the application of the 'mere solicitation doctrine' which holds 'the mere solicitation of business in a state by agents of a foreign corporation did not constitute doing business therein so as to render the corporation amenable to the jurisdiction and process of the courts in the state.' *Wainscott v. Railroad Co.* (1976), 47 Ohio St.2d 133 [1 O.O.3d 78, 351 N.E.2d 466]." The court concluded that even if the travel agency was an agent of the defendant cruise line, the "mere solicitation" of business would not satisfy the due process requirement of minimal contacts. The court found subsections (2) through (9) to be inapplicable by their language because some act or acts had to take place in Ohio, evidence of which did not exist.

The plaintiff in the present case, like the plaintiff in *Gelfand,* relied on the "transacting any business" provision of R.C. 2307.382(A)(1). We also find

that provision to be inapplicable since the solicitation of passengers was the only business transaction involved.[1] Further, subsections (2) through (9) are also inapplicable under the present facts.

We conclude that the facts of *Gelfand* are similar to the present facts and as such we are bound by *Gelfand's* conclusion.

Appellant's assignment of error is therefore well-taken. The trial court erred in not vacating the void default judgment as it lacked *in personam* jurisdiction over the defendant-appellant.

The trial court is now ordered to vacate the default judgment.

*Judgment reversed*
*and cause remanded.*

MATIA, P.J., and NAHRA, J., concur.