**In re Girolamo AFONICA, Debtor.**

**FIRST OF AMERICA BANK
f/k/a Security Bank of
Monroe, Plaintiff,**

v.

**Girolamo AFONICA, Defendant.**

**Bankruptcy No. 93–3228.
Related No. 93–31100.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Sept. 26, 1994.

David Wicklund, Toledo, OH, Terrance A. Keith, Troy, MI, for plaintiff.

Gordon Barry, Toledo, OH, for defendant.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Plaintiff's Motion and Brief for Summary Judgment to Deny Discharge of Debts, or alternatively, to Exclude Debt From Discharge; and Defendant's Memorandum in Opposition. The Court has reviewed the written arguments of counsel, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that Plaintiff First America Bank should be granted Partial Summary Judgment against the Defendant Girolamo Afonica; that the debt secured by the 1966 Chevrolet Chevelle is nondischargeable pursuant to 11 U.S.C. § 523(a)(6); and that the parties shall submit evidence as to the fair market value of the 1966 Chevrolet Chevelle at the time of transfer to determine the extent of dischargeability.

### FACTS

At issue in this case are two loans made by Plaintiff First of America Bank (hereafter "Plaintiff") to Defendant Girolamo Afonica (hereafter "Defendant"). The first was a vehicle purchase and security agreement citing a 1966 Chevrolet Corvette as collateral for the loan of Thirteen Thousand Two Hundred Seventy Four and 54/100 Dollars ($13,-274.54) plus accrued interest. The second was a similar agreement citing a 1970 Chev-

rolet Corvette for the loan of Eleven Thousand Two Hundred Seventy Six and 46/100 Dollars ($11,276.46) plus accrued interest. However, at no time did Defendant own or have in his possession either a 1966 or a 1970 Chevrolet Corvette. Rather Defendant owned a 1966 Chevrolet Chevelle and a 1970 Chevrolet Nova whose serial numbers match those of the Corvettes in the security agreements. Defendant asserts, and Plaintiff does not deny, that these are the vehicles which are the collateral for the above referenced loans.

Defendant is still in possession of the 1970 Chevrolet Nova, and has offered to return it to Plaintiff pursuant to the security agreement. This is not the case, however, with the 1966 Chevrolet Chevelle. Defendant claims that due to his ex-wife's complaining about the vehicle in the driveway, he was forced to transfer the Chevelle, without the certificate of title, to a friend who was a junk dealer for Twenty-five Dollars ($25.00). Thus, he is unable to deliver this collateral to Plaintiff as required in the security agreement.

Defendant also owned three other vehicles which he had transferred prior to the filing of the bankruptcy petition. Plaintiff claims that these transfers violate § 727(a)(2)(A) of the Bankruptcy Code, and are thus relevant to the proceeding. The first of these vehicles was a 1986 Chevrolet Corvette worth approximately Fifteen Thousand Dollars ($15,-000.00) which Defendant transferred to his girlfriend. The Defendant had a loan balance with Plaintiff on this vehicle of Thirteen Thousand Dollars ($13,000.00), which was subsequently paid off by his girlfriend. This transfer took place about two years before Defendant filed bankruptcy. The Defendant also sold a 1988 Delta 88 approximately two months before filing bankruptcy. The fair market value of this vehicle was Five Thousand Dollars ($5,000.00), and it was sold for Five Thousand Dollars ($5,000.00). Finally, the Defendant sold a 1988 Buick LaSabre approximately two months prior to filing. This vehicle was also worth ($5,000.00), and was sold for Five Thousand Dollars ($5,000.00). The LeSabre also had a loan against it with Plaintiff for Three Thousand

Eight Hundred ($3,800.00), which was paid off upon the sale of the vehicle.

## LAW

11 U.S.C. § 727, **Discharge**, reads in relevant part:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 523, **Exceptions to Discharge,** reads in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), and 1328(b) of this title does not discharge an individual debtor from any debt

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

## DISCUSSION

Under 28 U.S.C. § 157(b)(2)(I), a determination as to the dischargeability of a particular debt is a core proceeding. This matter is a core proceeding.

Plaintiff makes two arguments for its contention that the loans made to Defendant are nondischargeable. The first, under § 727(a)(2)(A) of the Bankruptcy Code, asserts that Defendant transferred property of the debtor within one year prior to the date of the filing of the Petition with intent to hinder, delay, or defraud Plaintiff. Plaintiff refers not only the transfer of the 1966 Chevrolet Chevelle which was referred to by identification number in the security agreement, but also to the transfer of the three other vehicles the Defendant owned which were not pledged as collateral for the loans at issue in this case. Plaintiff contends these acts frustrate creditor's ability to levy attach assets of the Debtor in state court proceed-

ings, or alternatively, frustrate recovery and liquidation by a Chapter 7 Trustee. Plaintiff thus contends that Defendant's bankruptcy discharge should be denied.

In response to Plaintiff's first claim, Defendant admits the transfer of the vehicles, but contends the necessary intent to hinder, delay, or defraud the Plaintiff is absent in all four transfers, and therefore these transfers do not constitute grounds for denying a discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

Plaintiff's second claim, under § 523(a)(6) of the Bankruptcy Code, asserts that Defendant caused the willful or malicious destruction of the 1966 Chevrolet Chevelle used as collateral for the Thirteen Thousand Two Hundred Seventy Four and 54/100 ($13,-274.54) loan. Plaintiff alleges Defendant knew of the Plaintiff's security interest in the vehicle, yet transferred the 1966 Chevrolet Chevelle to a known junk dealer who subsequently destroyed the vehicle. Plaintiff argues this act violates the security agreement and deprives Plaintiff of its remedy in the event of default by Defendant. Plaintiff further contends in the second claim that the debt secured by the 1966 Chevrolet Chevelle should be found nondischargeable in the amount of Thirteen Thousand Two Hundred Seventy Four and 54/100 ($13,274.54).

In response to Plaintiff's second charge, Defendant admits the sale and scrap of the 1966 Chevrolet Chevelle. Defendant contends, however, that the amount of indebtedness which should be found nondischargeable is the fair market value of the vehicle at the time of transfer rather than the original amount of indebtedness. Defendant further asserts that he sold the vehicle for its fair market value, Twenty Five and 00/100 Dollars ($25.00), and therefore this is the amount which should be found nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

The standards for summary judgment are found in Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056. Summary Judgment will be granted if the pleadings, depositions, answers to interrogatories, affidavits and admissions on file, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,*

477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant bears the burden of demonstrating all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). A Motion for Summary Judgment must be construed in the light most favorable to the non-moving party. *In re Weitzel,* 72 B.R. 253, 256, (Bankr.N.D.Ohio 1987) (quoting *In re Sostarich,* 53 B.R. 27 (Bankr.W.D.Ky.1985)).

To succeed under § 727(a)(2)(A), Plaintiff must establish that: (1) the debtor transferred, or permitted to be transferred; (2) property of the debtor; (3) within one year before the Petition in Bankruptcy was filed; (4) with the intent to hinder, delay or defraud the creditor. *In re Bastrom,* 106 B.R. 223 (Bankr.D.Mont.1989) (quoting *In re Martin,* 88 B.R. 319, 322 (D.Colo.1988). Exceptions to discharge under § 727, including the exception for fraud, require proof by a preponderance of the evidence. *Barclays/American Business Credit, Inc. v. Adams,* 31 F.3d 389, 393–94 (6th Cir. (Tenn.)) It is uncontroverted that Defendant indeed transferred four vehicles mentioned supra. The dispositive issues concern whether these transfers occurred within the year prior, and whether Defendant's intent was to hinder, delay, or defraud Plaintiff.

This Court will first address the loan collateralized by the 1970 Chevrolet Nova. Where a debtor is in default under a security agreement the secured party has the right to peaceable repossession under Ohio Revised Code § 1309.46. In the case at bar, Defendant's bankruptcy constitutes a default under the security agreement. Plaintiff therefore has the right to request the surrender of the 1970 Chevrolet Nova used as collateral to secure Plaintiff' loan. Defendant has indeed offered the surrender of this vehicle. Thus, this Court finds Defendant has maintained the collateral in accordance with the security agreement, and the surrender of this vehicle to Plaintiff will satisfy Defendant's security obligation to Plaintiff with respect to the loan in the amount of Eleven Thousand Two Hundred Seventy Six and 46/100 Dollars ($11,-276.46).

Plaintiff's allegations regarding the transfers of the three vehicles which did not serve as collateral for its loan are without merit. With respect to the 1986 Chevrolet Corvette, Defendant admits the transfer of the vehicle to his girlfriend whom he has since married. However, the transfer took place two years prior to the filing of the bankruptcy petition, as evidenced by a notarized receipt of the transfer. Because § 727(a)(2)(a) permits a debt to be found nondischargeable if the debtor has transferred property within the year prior to filing, this transfer took place outside of the restricted period and therefore is not in violation of the Code.

■ There is no contest that the 1988 Oldsmobile Delta 88 and the 1988 Buick LeSabre were transferred within the year prior to the filing of bankruptcy. Defendant specifically admits these transfers of the 1988 Oldsmobile Delta 88 and the 1988 Buick LeSabre two months prior to filing. These transfers were not done, however, with the intent to hinder, delay, or defraud Plaintiff. Defendant transferred the 1988 Oldsmobile Delta 88 subject to Plaintiff's lien for its fair market value of Five Thousand and 00/100 Dollars ($5,000.00). The purchaser of this vehicle subsequently paid to Plaintiff the remaining loan balance on the vehicle totalling approximately Five Thousand Dollars ($5,000.00). Thus, the transaction resulted in no loss to the Plaintiff nor to the Defendant's estate.

The Defendant similarly transferred the 1988 Buick LeSabre without intent to defraud creditors. This vehicle was sold for Five Thousand Dollars ($5,000.00), the fair market value of this vehicle at the time of transfer. The proceeds of the sale were then used to pay off a Three Thousand Eight Hundred and 00/100 Dollar ($3,800.00) unsecured loan with Plaintiff. Furthermore, the Plaintiff had knowledge of this transfer since the purchaser obtained a loan from the Plaintiff to purchase this vehicle. When viewed in a light most favorable to Defendant, it is difficult for this Court to find the necessary intent to hinder, delay, or defraud the Plaintiff in the transfer of the 1988 Buick LeSabre.

■ Plaintiff's best argument under § 727(a)(2)(A) regards the sale and scrap of the 1966 Chevrolet Chevelle which was used as collateral for the second secured loan at issue in this case. There is no question that Defendant's actions in the transfer of the vehicle were violative of the security agreement set forth in the vehicle purchase and security agreement. This Court cannot merely assume, however, that Defendant transferred this vehicle with the specific intent to hinder, delay, or defraud the Plaintiff. Rather, this intent must be demonstrated. Since it is unlikely that the Defendant will admit to having transferred the vehicle with the intent to hinder, delay, or defraud the Plaintiff, a finding of actual intent may be based upon circumstantial evidence or inferences drawn from a pattern of conduct. *In re Devers*, 759 F.2d 751 (9th Cir.1985).

From the facts presented in this case, the Court finds that Defendant's actions did not rise to a level necessary to deny Defendant's discharge altogether. A similar result was obtained by the court in *General Motors Acceptance Corp. v. Long*, 1993 WL 719571 (Bankr.M.D.Tenn.). In that case, the defendant debtor had driven a vehicle used as collateral for a loan without insurance in violation of a court order. The defendant subsequently wrecked the vehicle, destroying the plaintiff's security interest. The court declined the opportunity to deny the defendant's discharge, noting instead that, "section [727(a)(6)(A)] should only be used in egregious circumstances; while the Debtor's conduct in this case was improper, her conduct was not such as should bar her from a discharge altogether." *Id.* The court instead exempted the defendant's debt from discharge under § 523(a)(6). This Court finds a similar situation in the present case. Though the Defendant's act of selling the collateral used to secure the loan was improper, the Plaintiff has failed to show that the resulting loss to be so egregious that Defendant should not be allowed a discharge as to any of his debts. Thus, this Court does not find the necessary intent to hinder, delay, or defraud creditors. The Plaintiff has shown, however, that Defendant's debt should be exempted from discharge under § 523(a)(6).

To succeed under § 523(a)(6), Plaintiff must prove the injury to the property caused by the transfer of the 1966 Chevrolet Chevelle was the result of Defendant's willful and malicious acts. The terms "willful and malicious" are not defined by statute. However, they are defined in case law "as a wrongful act done intentionally and without just cause, which necessarily leads to injury." *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir. 1987) *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). "Willful and malicious" do not, however, mean reckless disregard or mere negligence. *In re Compos*, 768 F.2d 1155, 1157 (10th Cir.1985). A specific intent to do harm is not necessary. *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1896). The standard of proof to be applied in determining dischargeability under section 523(a)(6) is a preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

This Court determines that the Plaintiff has proven by a preponderance of evidence that Defendant willfully and maliciously caused injury to the collateral pledged to Plaintiff. Without a doubt, the sale of the 1966 Chevrolet Chevelle was an intentional act. Furthermore, the sale, without notice to the lender, of a vehicle pledged as collateral to another is a wrongful act. *In re Suydam*, 151 B.R. 436, 439 (Bankr.N.D.Ohio 1992). Defendant claims that he called the scrap dealer to pick up the vehicle because his ex-wife consistently complained of the vehicle in her driveway. This explanation does not constitute "just cause" as required by § 523(a)(6). At the very least, Defendant could have notified Plaintiff of the sale. The fact that he did not offer title to the purchaser suggests he intentionally fostered the impression that the vehicle was clear of liens. Essentially, the Defendant blatantly deprived the Plaintiff of the ability to collect the collateral to recover or offset Defendant's liability in the event Defendant should default on the loan secured by the collateral. Therefore, the debt secured by the 1966 Chevrolet Chevelle is nondischargeable pursuant to § 523(a)(6).

Since this Court has found the debt secured by the 1966 Chevrolet Chevelle owed Plaintiff to be nondischargeable, the Court must now determine the measure of damages. The Defendant would have the Court believe that, when viewed in a light most favorable to the Defendant, the amount which should be found nondischargeable is the fair market value of the vehicle at the time of sale. *In re Mills*, 111 B.R. 186 (Bankr.N.D.Ind.1988). Since the Defendant sold the vehicle to a scrap dealer for Twenty Five and 00/100 Dollars ($25.00), Defendant asserts this is the amount which should be found nondischargeable pursuant to § 523(a)(6).

This Court agrees that in this case the amount of the debt to be held nondischargeable for a conversion in violation of § 523(a)(6) is the lesser value of the converted property or the amount of the indebtedness. *In re Lau*, 140 B.R. 172 (Bankr. N.D.Ohio 1992) (citing *In re Mills*, 111 B.R. 186 (Bankr.N.D.Ind.1988)). This Court is not satisfied, however, that the sale of the 1966 Chevrolet Chevelle to a scrap dealer for Twenty Five and 00/100 Dollars ($25.00) represents the fair market value of the vehicle. Therefore, a determination as to the measure of damages will be made after both Plaintiff and Defendant provide this Court with evidence attesting to the fair market value of the 1966 Chevrolet Chevelle at the time of transfer.

In reaching these conclusions, this Court has considered the demeanor of all evidence and all arguments of counsel regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment be *GRANTED* in part, and *DENIED* in part.

It is further **ORDERED** that Defendant surrender to Plaintiff the 1970 Chevrolet Nova, Serial Number 114270W318674 by October 3, 1994 at 5:00 p.m.

It is further **ORDERED** that Plaintiff and Defendant submit evidence as to the fair market value at the time of transfer of the 1966 Chevrolet Chevelle, Serial Number

136176F144362, by October 3, 1994 at 4:00 p.m.