In re Eddie/Jennifer WILCOX, Debtors.

Deborah Murray, et al., Plaintiffs,

v.

Eddie Ray Wilcox, Jr., Defendant.

Bankruptcy No. 98–3017.

United States Bankruptcy Court, N.D. Ohio.

Nov. 24, 1998.

Thomas G. Mackin, Toledo, OH, for plaintiff.

William J. Brenner, Stryker, OH, for defendant/debtor.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Plaintiff's Motion for Summary Judgment, Memorandum in Support, and Reply; and the Defendant's Motion in Opposition and Memorandum in Support. This Court has reviewed the arguments of counsel, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be granted, and that the Defendant's debt to the Plaintiff, in the amount of Two Hundred Fifty-three Thousand One Hundred Thirty-seven and 91/100 Dollars ($253,-137.91), is Nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## FACTS

On December 10, 1997, the Defendant (hereinafter "Debtor") filed a Voluntary Petition for Bankruptcy under Chapter 7 of the United States Bankruptcy Code. In his Petition the Debtor listed the Plaintiff as a creditor holding an unsecured nonpriority claim. Plaintiff's claim against the Debtor stems from an incident that took place between the Debtor and a third party by the name of Mr. Eugene L. Kreischer. The facts of this case indicate that during the late evening hours of October 4, 1986, the Debtor struck Mr. Kreischer in the face with his fist. The force of this blow was such that Mr. Kreischer fell to the ground, striking his

head on the curb. The injuries Mr. Kreischer sustained from the fall eventually resulted in his death. At the time of the incident the Debtor was 16 years of age.

On October 5, 1987, the Plaintiff, in her personal capacity and as a personal representative of Mr. Kreischer, filed a complaint in the Court of Common Pleas of Williams County, Ohio, against the Debtor for willful and malicious assault and battery. Three days later the Debtor, who was at that time 17 years old, accepted service of the complaint. In March of 1988 the Debtor, who was then 18 years of age, was deposed in the state court proceeding. However, the Debtor failed to file an Answer, and on May 8, 1989, the Williams County Court of Common Pleas granted the Plaintiff's Motion for Summary Judgment. Thereafter, on July 14, 1994, the Williams County Court held a hearing to assess damages; however, the Debtor failed to attend this hearing. The Williams County Court then issued a judgment entry stating that pursuant to its Order entered May 17, 1989, the Defendant was, (1) liable for the assault and battery upon Mr. Kreischer, and (2) the Debtor's conduct towards Mr. Kreischer had been both willful and malicious. The Williams County Court then awarded the Plaintiff damages totaling Two Hundred Fifty-three Thousand One Hundred Thirty-seven and 91/100 Dollars ($253,137.91), of which Two Hundred Thousand Dollars ($200,000.00) were Compensatory Damages, Three Thousand Thirty-five and 41/100 Dollars ($3035.41) were for reasonable funeral and burial expenses, and Fifty Thousand Dollars ($50,000.00) were for Punitive Damages.[1] (This Court is unable to ascertain why the total judgment amount of $253,-137.91 is $102.50 greater than the total amount of the specific damages awarded. However, this Court will accept the total judgment figure as the proper amount.)

On January 22, 1998, the Plaintiff filed an Adversarial Complaint against the Debtor, in this Court, to Determine that her state claim against the Debtor was a Nondischargeable debt. The basis for the complaint is that the debt arose from a claim that was based on both willful and malicious conduct by the Debtor, and thus is excepted from discharge pursuant 11 U.S.C. § 523(a)(6).

On September 18, 1998, after this case had been submitted to the Court on the Plaintiff's Summary Judgment Motion, but before a decision was rendered, the Parties agreed to settle the matter. The Court was advised at this time that a settlement entry would be forthcoming within 30 days. On October 19, 1998, after receiving no settlement entry, this Court, in the interest of encouraging and facilitating settlements, granted an additional 30–day extension. However, as of November, 23, 1998, the Court has yet to receive the Parties' settlement entry. Consequently, as the Parties have failed to comply with the time limitations imposed upon them by the Court, this decision is rendered forthwith to dispose of the matter.

## LAW

### 11 U.S.C. § 523. Exceptions to Discharge

A discharge under section 727, 1141, 1228[a] 1228(b), or 1328(b) of this section does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

## DISCUSSION

Under 28 U.S.C. § 157(b)(2)(I), a determination as to the dischargeability of a particular debt is a core proceeding. Thus, this matter is a core proceeding.

This matter is before the Court upon the Plaintiff's Motion for Summary Judgment. A movant will prevail on a Motion for Summary Judgment if, "the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any,

---

1. Also joined in the state court action with the Debtor was a Mr. Nicolen who had been involved in the altercation between the Debtor and Mr. Kreischer. The Williams County Court found Mr. Nicolen jointly and severally liable, with the Debtor, for the death of Mr. Kreischer. In 1996 Mr. Nicolen declared Bankruptcy. However, the United States Bankruptcy Court for the Northern District of Indiana held that Mr. Nicolen's debt to the Plaintiff was Nondischargeable pursuant to § 523(a)(6). *Vitek v. Nicolen*, 96–1039 (Bankr. N.D.Ind.1996).

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), Fed. R.Civ.P. 56(c), Fed.R.Bankr.P. 7056. In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); See also *In re Bell*, 181 B.R. 311 (Bankr. N.D.Ohio 1995). In addition, the party contesting the dischargeability of a debt under § 523(a)(6) has the burden of proving, by a preponderance of the evidence, that the debtor's conduct was both wilful and malicious. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981); *In re Kimzey*, 761 F.2d 421, 424 (7th Cir.1985); *Homan v. Perretti*, 172 B.R. 214, 216 (Bankr. N.D.Ohio 1994). Applying these standards, this Court finds that there is insufficient evidence before it to make an independent determination as to whether the Debtor's conduct towards Mr. Kreischer was both willful and malicious.

However, the Plaintiff puts forth an alternative basis for recovery. In her complaint, the Plaintiff seeks to prevent a trial in this case by asking this Court to accept the findings of the Ohio state court, which had already found Mr. Kreischer's death to have been the result of the Debtor's willful and malicious conduct. In effect, the Plaintiff asserts that the Debtor is collaterally estopped, by the findings of the Ohio state

court, to contest the nondischargeability of his debt to the Plaintiff.

Collateral estoppel, also known as "issue preclusion," prevents the same parties or their privies from re-litigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994).[2] Collateral estoppel principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent relitigation of issues already decided in a state court. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). However, when applying collateral estoppel principles from a state court judgment to a nondischargeability proceeding, the Supreme Court of the United States has held that the federal common law does not apply. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 374, 105 S.Ct. 1327, 1328, 84 L.Ed.2d 274 (1985); *In re Calvert*, 105 F.3d 315, 317 (1997). Instead, the bankruptcy courts, pursuant to the full faith and credit principals of 28 U.S.C. § 1738, must give the same issue preclusion effect to a state court judgment as it would be given under that state's law. *Id.* Consequently, this Court will look to Ohio law to determine if an Ohio state court would give issue preclusion effect to the judgment rendered by the Williams County Court.

Under Ohio law, collateral estoppel comprises the following four elements:

(1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

(2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment;

(3) The issue in the present suit must have been identical to the issue involved in the prior suit; and

---

**2.** Collateral estoppel is a branch of the preclusionary doctrine known as Res Judicata. The other branch is Claim Preclusion which bars relitigation of the same cause of action between the same parties. *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 369 N.E.2d 776 (1977); *Balboa Ins. Co. v. S.S.D. Distr. System Inc.*, 109 Ohio App.3d 523,

672 N.E.2d 718 (1996). In bankruptcy discharge proceedings Claim Preclusion is not applicable because in 1970 Congress granted exclusive jurisdiction of discharge matters to the bankruptcy courts. *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981), citing *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

(4) The party against whom estoppel is sought was a party or in privity with a party to the prior action.

*Cashelmara Villas Ltd. Partnership v. DiBenedetto,* 87 Ohio App.3d 809, 813–14, 623 N.E.2d 213 (1993), quoting *Monahan v. Eagle Picher Industries, Inc.,* 21 Ohio App.3d 179, 180–81, 486 N.E.2d 1165 (1984). In addition, the burden is upon the party seeking to invoke collateral estoppel to prove that all the elements of the doctrine apply. *See Monahan v. Eagle Picher Industries, Inc.,* 21 Ohio App.3d 179, 180–181, 486 N.E.2d 1165 (1984); *LaBonte v. LaBonte,* 61 Ohio App.3d 209, 216, 572 N.E.2d 704 (1988). In the case sub judice, only the first three of the above elements present any sort of issue. Accordingly, this Court will only address those elements.

■ The first element of collateral estoppel requires that there be a final judgment on the merits after a full and fair opportunity to litigate the case. The Plaintiff has presented to this Court a valid Judgment Entry and Certificate of Judgment rendered against the Debtor by the Williams County Court of Common Pleas. Accordingly, this Court finds that the Plaintiff has met her burden of proof with respect to this element. *Reeves v. Runyan,* 172 Ohio St. 177, 183, 174 N.E.2d 244, 248 (1961); *see also* Ohio Civ.R. 58(A). The Debtor, however, maintains that this element is not met. The Debtor's basis for this assertion is that as a result of a defect in the state court proceeding, he was not given a full and fair opportunity to litigate the issue of whether he acted wilfully and maliciously. Specifically, the Debtor argues that because he was given service of process in the state court proceeding when he was only 16 years of age, and the Williams County Court failed to appoint a guardian ad litem as required by Ohio Civ.R. 17(B), the judgment against him is void. However, for the following reasons this Court finds this argument without merit. First, Ohio Civ.R. 4.2 allows for service of process to persons 16 years of age or older.

In addition, even though Ohio Civ.R. 17(B) requires the court to appoint a guardian ad litem for the protection of a minor in a civil proceeding, the failure of the court to comply with Ohio Civ.R. 17(B) does not make the judgment void, but merely voidable. *Champaign Nursing Home v. Evilsizor,* 1983 WL 5031 *4 (Ohio App. 2nd Dist. 1983); *see also LaBarbera v. Batsch,* 10 Ohio St.2d 106, 227 N.E.2d 55 (1967).[3] In term of collateral estoppel principles the distinction between void and voidable judgments is of upmost importance as void judgments do not have any preclusive effect. On the other hand, voidable judgments do have preclusive effect, and may not be collaterally attacked. *Champaign Nursing Home* at *3. Instead, to attack a voidable judgment, the claimant must either appeal the decision of the court issuing the judgment, or bring an action under Ohio Civ.R. 60(B) to have the judgment set aside. *Id.; Falk v. Wachs,* 116 Ohio App.3d 716, 689 N.E.2d 71 (1996). This the Debtor has not done. Consequently, the alleged failure of the Williams County Court to strictly adhere to the procedures contained in Ohio Civ.R. 17(B) does not entitle the Debtor to re-litigate in this Court, the issue of whether his conduct was willful and malicious.

■ The second prong of Ohio's collateral estoppel test requires that the issue involved in the present litigation must have been actually and directly litigated in the prior suit, and must have been necessary to the final judgment. Again, this Court finds that the Plaintiff has met her burden of proof. Under Ohio law a willful act is a prerequisite to establish liability for assault and/or battery. *Smith v. John Deere Co.,* 83 Ohio App.3d 398, 406, 614 N.E.2d 1148, 1154 (1993); *Love v. Port Clinton,* 37 Ohio St.3d 98, 99, 524 N.E.2d 166, 167 (1988); *Scalia v. Hafner,* 14 O.O.2d 129, 172 N.E.2d 346, 347 (1960). In the state court proceeding, the Debtor was found liable for assault and battery. Thus, a finding of willful conduct was

---

**3.** Generally, a void judgment may only be based upon, (1) lack of subject matter jurisdiction of the court issuing the judgment, (2) insufficient service of process, or (3) fraud/collusion by the party(s) obtaining the judgment. *LaBarbera v.*

*Batsch,* 10 Ohio St.2d 106, 227 N.E.2d 55 (1967); *Howard v. Cunard Line Ltd.,* 62 Ohio App.3d 285, 575 N.E.2d 489 (1988); *Falk v. Wachs,* 116 Ohio App.3d 716, 689 N.E.2d 71 (1996).

necessary for the final judgment. In addition, despite the fact that a finding of malice is not necessary to establish liability for an assault and/or battery, a finding of malice is required to award punitive damages. *Pickle v. Swinehart*, 170 Ohio St. 441, 166 N.E.2d 227 (1960); *Smithhisler v. Dutter*, 157 Ohio St. 454, 105 N.E.2d 868 (1952). Consequently, as the state trial court awarded the Plaintiff Fifty Thousand Dollars ($50,000.00) in punitive damages, a finding of malice was necessary for the final judgment.

■ The Debtor, however, argues that this element is not met because the issue of his willful and malicious conduct was not actually litigated in the state court. The basis for this assertion is that the judgment rendered against him in the Williams County Court was in form, if not in actuality, a default judgment. It appears that there is no overall consensus in Ohio as to whether default judgments collaterally estop issues from being litigated in a subsequent action. OJur.3d Judgments § 346; *Zaperach v. Beaver*, 6 Ohio App.3d 17, 451 N.E.2d 1249 (1982); *Hickey v. Hancock Wood Elec. Coop.*, 1993 WL 241731 (Ohio App. 6th Dist. 1993). However, the Sixth Circuit Court of Appeals has provided that default judgments may provide the basis for the application of collateral estoppel if the state in which the judgment was rendered would give it preclusive effect. *Bay Area Factors v. Calvert*, 105 F.3d 315, 320–321 (1997).[4] Nevertheless, this Court need not decide this issue, as the judgment entered in the state court proceeding was not a default judgment. In Ohio, a default judgment obviates the plaintiff's burden to prove the elements of the claim alleged. *Reese v. Proppe*, 3 Ohio App.3d 103, 3 OBR 118, 443 N.E.2d 992 (1981). Consequently, Ohio's Rules of Civil Procedure clearly state that a party must apply to the court for a default judgment, either in writing or orally. Ohio Civ.R. 55(A); *Pearl v. J & W Roofing & General Contracting*, 1997 WL 86415 (Ohio App. 2nd Dist.1997). In the case sub judice, the Plaintiff did not apply for

a default judgment, but rather presented her case to the court through depositions and a summary judgment motion supported by an attached memorandum. Thereafter, the Williams County Court made findings of fact and ruled on the merits of the case, thus in substance conducting an ex parte trial. Consequently, the Williams County Court's judgment against the Debtor was not a default judgment, but rather a final judgment based on the merits of the case and conforming to Ohio Civ.R. 54 and 58. See also *National Acceptance Co. of America v. Bathalter*, 951 F.2d 349 (6th Cir.1991). Accordingly, this Court finds the second prong of Ohio's collateral estoppel test is satisfied.

■ The third prong of Ohio's collateral estoppel test requires that the issue involved in the present litigation must have been identical to the issue involved in the prior suit. In a dischargeability action, this generally means that if the factual issues in the state court proceeding were determined "using standards identical to those in the dischargeability proceedings, then collateral estoppel ... [will] bar re-litigation of those issues in the bankruptcy court." *Spilman v. Harley*, 656 F.2d 224, 226 (1981); See also *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). This analysis necessarily entails comparing the definitions of willful and malice as they have been interpreted pursuant to Ohio tort law, versus the interpretations given under 11 U.S.C. § 523(a)(6).

■ In Ohio, the term willful, as it pertains to intentional torts, is generally synonymous with the term intentional. *Monsler v. Cincinnati Casualty Co.*, 74 Ohio App.3d 321, 328, 598 N.E.2d 1203, 1207 (1991); See also *Payne v. Vance*, 103 Ohio St. 59, 133 N.E. 85 (1921). In Ohio, an act is done intentionally if "committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur." *Jones v. VIP Development Co.*, 15 Ohio St.3d 90, 95 472 N.E.2d 1046, 1051 (1984).[5] By comparison, the United States

4. This Court had previously held that the actually tried and decided prong of the collateral estoppel test was not satisfied by a default judgment. *Hall v. Mady*, 159 B.R. 487 (Bankr.N.D.Ohio 1993). However, the *Calvert* decision, *supra*, re-

leased by the Sixth Circuit Court of Appeals in 1997, makes this outcome entirely dependant upon state law.

5. In *Jones* the Ohio Supreme Court was interpreting the meaning of the word intentional un-

Supreme Court in *Kawaauhau v. Geiger* stated that the term willful, under § 523(a)(6), "takes a deliberate or intentional injury, not merely ... a deliberate or intentional act that leads to injury." 523 U.S. 57, 118 S.Ct. 974, 975, 140 L.Ed.2d 90, 92 (1998). A close examination of the two definitions shows Ohio's interpretation specifically allows for liability based upon intentional acts the defendant believes are substantially certain to cause injury. On the other hand, the Supreme Court's decision in *Kawaauhau* does not specifically state whether this is allowed. However, this Court finds, based upon the following analysis, that the Supreme Court's holding in *Kawaauhau* does encompass acts a defendant knows are substantially certain to cause injury.

In *Kawaauhau*, the United States Supreme Court explained that the meaning of willful under § 523(a)(6) was not intended to apply to the "wide range of situations in which an act is intentional, but the injury is unintended." *Id.* Thus, in *Kawaauhau*, the Supreme Court was eliminating any possibility of negligent or reckless acts falling within § 523(a)(6)'s exceptions to discharge.[6] *Id.* 118 S.Ct. at 977. However, in *Kawaauhau* the Supreme Court was not trying to eliminate intentional torts, such as assault and battery, from being excepted from nondischargeability under § 523(a)(6). For example, in *Kawaauhau* the Court specifically stated that, "§ 523(a)(6)'s formulation triggers in the lawyer's mind the catego-

ry intentional torts." *Id.* 118 S.Ct. at 975. In tort law it is a generally accepted principle that liability is imposed, for an intentional tort, for acts done with, (1) the intent to cause harm, and (2) acts the defendant knows are substantially certain to cause harm. *Ammons v. Dade City, Florida*, 594 F.Supp. 1274, 1302 (M.D.Fla.1984); *In re Healthco Intern. Inc.*, 195 B.R. 971, 986 (Bankr.D.Mass.1996), citing RESTATEMENT (SECOND) OF TORTS § 8A; *see also Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961). Consequently, it would be difficult to suppose that the Supreme Court's ruling in *Kawaauhau* only includes acts done with the intent to cause injury, and would not include intentional acts that a defendant knows are substantially certain to cause injury. Accordingly, this Court finds that Ohio's definition of willful is sufficiently analogous to the United States Supreme Court's definition of willful in *Kawaauhau*, so that an Ohio state court's finding of willful conduct, as it pertains to an intentional tort, will collaterally estop a party from re-litigating that issue in a subsequent proceeding.[7]

This Court also comes to the same conclusion with the definition of malice. Under Ohio law malice means the willful doing of a wrongful act without just cause or excuse. *Bush v. Kelley's Inc.*, 18 Ohio St.2d 89, 92, 247 N.E.2d 745, 747–748 (1969); *Breuleux v. Pentagon Fed. Credit Union*, 10 Ohio

---

der O.R.C § 4121.80. The Ohio State legislature has since clarified the Ohio Supreme Court's interpretation of "substantially certain" under O.R.C. § 4121.80 to mean when an employer acts with deliberate intent to cause an employee to suffer injury, disease, or death.

6. Such a ruling was necessary because before *Kawaauhau* there was confusion among the United States Circuit Courts as to what types of acts were included within the meaning of willful under § 523(a)(6). See *Perkins v. Scharffe*, 817 F.2d 392, 393 (6th Cir.1987). The lenient view held that any intentional acts that lead to injury are included, while the stricter view held that only acts done with the intent to injure are included. The distinction between these two points of view is best illustrated by the following example. When a person gets into an automobile they normally intend to drive it. However, if the driver of the auto gets into an accident and

injures another person or their property, the mere intent to drive the auto does not denote that the driver necessarily intended to cause injury to the person or property. However, under the lenient interpretation of willful, a negligently caused accident would be included under § 523(a)(6)'s exception to discharge, because the mere intent to drive the automobile meant that any injury done while operating the automobile was willful. By comparison, the Supreme Court's ruling in *Kawaauhau* only imposes liability if the driver actually intended to cause an intentional tortious injury. *Id.* 118 S.Ct. at 975.

7. Reinforcing this approach is the policy behind § 523(a)(6) which is aimed at aggravated misconduct that is socially reprehensible for which indebtedness resulting from that type of conduct is not worthy of discharge in bankruptcy. *In re Krautheimer*, 210 B.R. 37, 47 (Bankr.S.D.N.Y. 1997).

App.3d 33, 35, 460 N.E.2d 306, 309 (1983). Similarly under § 523(a)(6) malice means "in conscious disregard of one's duties or without just cause or excuse." *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir.1986), citing *Tinker v. Colwell,* 193 U.S. 473, 486, 24 S.Ct. 505, 508, 48 L.Ed. 754 (1904); *First Bank of Monroe v. Afonica,* 174 B.R. 242 (Bankr. N.D.Ohio 1994). Consequently, as the two standards are almost identical, a party who has already litigated the issue of malice in an Ohio state court will be collaterally estopped from re-litigating that issue in a dischargeability proceeding in this Court.

In summary, this Court finds that the Plaintiff has met her burden to show that all the elements necessary to invoke collateral estoppel under Ohio Law have been met, and this Court, pursuant to 28 U.S.C. § 1738, must respect the findings of the Williams County Court. In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment of Deborah Murray, et al. be, and is hereby, GRANTED, and that the debt of Defendant Eddie Ray Wilcox, Jr. to Plaintiff Deborah Murray, arising from the judgment entered by the Court of Common Pleas of Williams County, Ohio, in Case No. 26142, is hereby determined to be *NONDISCHARGEABLE* in the amount of Two Hundred Fifty-three Thousand One Hundred Thirty-seven and 91/100 Dollars ($253,137.91).