**In re David P. HOULT, Debtor.**

**Jennifer Hoult, Plaintiff,**

**v.**

**David Hoult, Defendant.**

**Bankruptcy No. 97–16663–8P7.
Adversary No. 97–1059.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 21, 1999.

W. Keith Fendrick, Tampa, FL, James Wallace, Boston, MA, for plaintiff.

Camille Iurillo, Tampa, FL, Edward Collins, Boston MA, for defendant.

Susan Woodard, Saint Petersburg, FL, Chapter 7 Trustee.

**ORDER ON DEBTOR/DEFENDANT'S MOTION TO AMEND, RECONSIDER OR, IN THE ALTERNATIVE, CLARIFY ORDER ON PLAINTIFF'S MOTION TO PRECLUDE DEBTOR FROM OFFERING EVIDENCE OF INTENT AT TRIAL (DOC.NO.61)**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is the Defendant, David P. Hoult's (Debtor) Motion to Amend, Reconsider Or, In the Alternative, Clarify Order On Plaintiff's Motion to Preclude Debtor From Offering Evidence of Intent at Trial. This Court finds that a review of the procedural history of this adversary proceeding would be helpful to a determination of this matter:

The Debtor filed his Petition for relief under Chapter 7 of the Bankruptcy Code on October 8, 1997. On December 23, 1997, Plaintiff, Jennifer Hoult, the Debtor's daughter, commenced the instant adversary proceeding. In her Complaint, the Plaintiff seeks, pursuant to Sections 523(a)(4) and 523(a)(6) of the Bankruptcy Code, a determination of nondischargeability of the debt represented by a judgment entered in favor of the Plaintiff and against the Debtor (Judgment) in the action tried in the United States District Court for the District of Massachusetts (Abuse Action).

On October 5, 1998, the Plaintiff filed a (Doc.No.28) Motion for Summary Judgment, arguing that the issue of whether the Debtor sexually abused and battered the Plaintiff was previously litigated and, therefore, the Debtor is collaterally estopped from relitigating the issue of whether the judgment arose from a wilful and malicious injury under 11 U.S.C.

§ 523(a)(6). This Court entered an Order denying the Motion on the basis that material issues of fact remained and that, therefore, the adversary proceeding could not be decided as a matter of law.

Thereafter, on December 14, 1998, the Plaintiff filed a Motion for Reconsideration or, In the Alternative, to Preclude Debtor From Offering Evidence of Intent at Trial, seeking reconsideration of the Order Denying Motion for Summary Judgment arguing that the claim for battery, which under Massachusetts law includes the element of intent to harm, had necessarily been established by the jury finding the Debtor liable for raping Plaintiff. Plaintiff argued that the issue of whether the Debtor intended to harm the Plaintiff when he raped her had been adjudicated by the jury in the Abuse Action, the finding is implicit in the Judgment and that, therefore, the Debtor is collaterally estopped by the Judgment from relitigating the issue of intent to harm. Alternatively, the Plaintiff argued that in the event a final evidentiary hearing is held, the Debtor should be precluded by the doctrine of judicial estoppel from presenting evidence on the issue of whether the Debtor intended to harm Plaintiff when he sexually abused her as a child.

On December 16, 1998, this Court entered an Order granting reconsideration and, upon reconsideration, reaffirmed the Order denying Plaintiff's Motion for Summary Judgment. In addition, ruling was deferred on the alternative relief sought, the preclusion of evidence of intent. Thereafter, on February 26, 1999, the Court entered an Order precluding the Debtor from offering evidence of intent at trial.

In the instant Motion under consideration, the Defendant requests that this Court amend, reconsider or, in the alternative clarify the language in the Order which provides, "At the final evidentiary hearing, the Debtor shall be precluded from putting on any expert testimony concerning his intent to injure the Plaintiff."

The Defendant contends that he must be permitted to present expert testimony that upon reviewing the trial transcript the Debtor did not have the intent to harm the Plaintiff and to present expert testimony that a father who engages in a sexual act with a daughter, although a dysfunctional act, is not an act done with the intent to harm the daughter.

Presently pending is the Plaintiff's Motion for Reconsideration of the Order Denying Motion for Summary Judgment. A hearing is now scheduled on the Motion. This Court finds it appropriate to consider the Motion for Summary Judgment in light of decisions entered since *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) which considered whether the Supreme Court's ruling in *Geiger* includes not only acts done with intent to cause injury, but intentional acts that a defendant knows are substantially certain to cause injury. *See e.g. In re Wilcox*, 229 B.R. 411 (Bankr.N.D.Ohio. 1998) (summary judgment granted declaring nondischargeable judgment debt for damages resulting from debtor's punching man in the face, causing him to fall and sustain injuries resulting in death).

In light of the foregoing procedural history, it is appropriate to defer ruling on the instant Motion pending resolution of the renewed Motion for Summary Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the ruling on the Debtor/Defendant, David P. Hoult's Motion to Amend, Reconsider Or, In the Alternative, Clarify Order On Plaintiff's Motion to Preclude Debtor From Offering Evidence of Intent at Trial be, and the same is hereby deferred pending the outcome of the hearing on the Motion for Summary Judgment. In the event the Motion for Summary Judgment is denied, then this Court will rule on the instant Motion. In the event the Motion for Summary Judgment is

granted, then the instant Motion will be denied as moot.