**In re Sonia D. LESLIE, Debtor.**

**Telcom Credit Union, Plaintiff.**

**v.**

**Sonia D. Leslie, Defendant.**

**Bankruptcy No. 00–46246–R.**
**Adversary No. 00–4485.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

May 11, 2001.

John Z. Kallabat, Bingham Farms, MI, for Debtor.

G. E. Grogan, Detroit, MI, trustee.

*Opinion Granting Plaintiff's Motion for Summary Judgment*

STEVEN W. RHODES, Bankruptcy Judge.

Telcom Credit Union filed this adversary proceeding complaint against Sonia Leslie seeking to deny Leslie's discharge (Count I) or alternatively to determine the dischargeability of her debt (Count II). Telcom previously filed a motion for summary judgment on Count I, which the Court denied. Telcom now seeks summary judgment on Count II. Following a hearing on April 23, 2001, the Court took the matter under advisement. For the reasons stated below, the Court concludes that Telcom is entitled to summary judgment.

I.

On October 6, 1999, following the dismissal of Leslie's second chapter 13 case, the Court entered an order requiring Leslie to turn over Telcom's collateral, a 1994 Chevrolet Lumina. Leslie did not comply with the order. Telcom filed a motion to compel return of collateral and, on October 28, 1999, the Court entered another order requiring Leslie to turn over the collateral. Leslie did not comply with that order either. On November 19, 1999, the Court issued an order to show cause why the debtor should not be held in contempt for failure to comply with the order to turn over the collateral. Leslie did not appear at the hearing set for December 9, 1999. On December 16, 1999, the Court issued a warrant for Leslie's arrest. Telcom finally obtained possession of the vehicle following Leslie's arrest on February 3, 2000. On April 20, 2000, the Court entered an order for damages in the amount of $7,585.56 for costs, expenses, attorney fees, and depreciation in collateral as a result of Leslie's failure to comply with the Court's order of November 19, 1999.

On April 21, 2000, Leslie filed for chapter 7 relief. On June 15, 2000, Telcom filed its adversary proceeding complaint against Leslie objecting to the discharge and to determine dischargeability of debt under § 523(a)(6).

## II.

Telcom contends that Leslie knew that her actions would result in injury to Telcom. Telcom asserts that Leslie's failure to comply with the Court's orders and return the vehicle resulted in excess wear and tear on the vehicle and resulted in Telcom being unable to sell the vehicle for the amount it was worth when the Court initially ordered Leslie to return the vehicle. Telcom asserts that Leslie chose to retain the vehicle and continue to drive it with full knowledge that her actions would result in excess wear and tear and increased mileage on the vehicle. Telecom asserts that Leslie's actions were also malicious in that she acted in conscious disregard of her obligation to comply with the Court's orders.

Leslie contends that she did not cause any willful destruction of the car, and had she been allowed to keep the vehicle until it was paid off, Telcom would not have suffered any loss.

## III.

■ Section 523(a)(6) excepts from discharge debts for willful and malicious injury by the debtor. For a debt to be nondischargeable under § 523(a)(6), the plaintiff must prove that the defendant acted "with the actual intent to cause injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998); *Markowitz v. Campbell*, 190 F.3d 455, 463 (6th Cir.1999). A willful and malicious injury is one where the debtor "desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it." *Markowitz* at 464 (citation omitted). *See also Kennedy v. Mustaine (In re Kennedy)*, 249 F.3d 576 (6th Cir.2001); *Gonzalez v. Moffitt (In re Moffitt)*, 252 B.R. 916 (6th Cir. BAP 2000).

■ Leslie failed to comply with the Court's orders to turnover the vehicle and continued to use the vehicle because, she contends, she needed it for transportation. Leslie stated at her deposition that she knew that her actions would probably result in the Court holding her in contempt and that she was prepared to accept those consequences. (See Leslie's November 11, 2000 dep. at 17.) Telcom's judgment against Leslie is for costs, expenses, attorney fees, and for depreciation to the vehicle as a result of her failure to comply with the order to return the vehicle. Leslie knew that such injuries were substantially certain to occur due to her actions. Accordingly, the Court concludes that Leslie's actions were willful.

■ Under § 523(a)(6), a person is deemed to have acted maliciously when that person acts in conscious disregard of his duties or without just cause or excuse. *Murray v. Wilcox (In re Wilcox)*, 229 B.R. 411, 419 (Bankr.N.D.Ohio 1998) Leslie consciously disregarded court orders to return the vehicle with the excuse that she needed the vehicle for transportation. (See Leslie's dep. at 16.) This does not constitute just cause to ignore a court order. The Court therefore concludes that Leslie acted maliciously.

Accordingly, the Court concludes that Leslie's debt to Telcom is for a willful and malicious injury and is non-dischargeable under § 523(a)(6).