40 F.3d 1063
 Luis J. PARDO, Jr.; Julian Ramo, Co-Personal
Representatives of the Estate of Luis J. Pardo, Deceased, on
behalf of said Estate of Luis J. Pardo; Luis J. Pardo;
Luis J. Pardo, Jr.; Dyanara Pardo, a minor; and Julian L.
Pardo, a minor, Plaintiffs-Appellants,
v.
OLSON & SONS, INC., a Minnesota corporation; Chas. Olson &
Sons, Inc., a Minnesota corporation; Lilly
Enterprises, a Minnesota corporation, Defendants,
and
Knapheide Manufacturing Co., an Illinois corporation,
Defendant-Appellee.
 No. 93-35724.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.
Decided Nov. 25, 1994.
 
 James F. Leggett, Leggett & Kram, Tacoma, WA, for plaintiffs-appellants.
 Kent C. Meyer, Ogden Murphy Wallace, Seattle, WA, for defendant-appellee.
 Appeal from the United States District Court for the Western District of Washington.
 Before: WOOD,* HUG, and TANG, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 This is a wrongful death action brought by the personal representatives of the estate of Luis Pardo, whose death resulted from injuries he suffered while he was repairing a dump truck. Jurisdiction in the district court was based on diversity of citizenship, and Washington state law applies. The subject of the appeal is the summary judgment in favor of Knapheide Manufacturing Co. ("Knapheide"), the manufacturer of the bed of the dump truck.
 
 
 2
 This appeal involves an interpretation of a Washington state statute of repose for product liability claims. Wash.Rev.Code ("RCW") Sec. 7.72.060 (1992) bars a product liability claim where the product has passed its "useful safe life." The district court based the summary judgment on the claim against Knapheide on the ground that it was barred by section 7.72.060. We have appellate jurisdiction under 28 U.S.C. Sec. 1291. We reverse.
 
 I.
 Facts
 
 3
 Luis Pardo was killed when the bed of a twenty-one-year-old dump truck fell on him as he was working underneath it. The truck was originally sold in 1968. It changed owners several times before it fell into the hands of Pardo's employer, Kenneth Enslow, in 1986. Enslow asked Pardo to repair the crane mounted on the truck. Because the truck's hydraulic lift was broken, Pardo used the crane to raise the bed. He blocked the bed with 2"' X 4"' boards to prevent its falling. The crane cable broke, the 2"' X 4"'s did not hold the bed, and it fell on top of him. He suffered injuries from which he died several months later.
 
 
 4
 Plaintiffs brought this products liability action against Olson & Sons, Inc. ("Olson"), who had assembled the component parts of the dump truck, and Knapheide, the manufacturer of the bed of the dump truck.[1] A default judgment was rendered against Olson for failure to file a responsive pleading. Olson does not appeal.
 
 
 5
 Plaintiffs' claim against Knapheide alleges that the truck bed was defective, because it did not have a bed block and did not have appropriate warning placards. A bed block is a steel bar that drops into place when the truck bed is raised and prevents the bed from falling. It is the plaintiffs' contention that the absence of the bed block and the absence of the warning placards caused the accident.
 
 II.
 Discussion
 
 6
 The first issue on appeal is whether the plaintiffs are collaterally estopped from denying that RCW Sec. 7.72.060 bars the claims against Knapheide. We find no collateral estoppel because the application of the statute to the truck bed has not been "actually litigated or necessarily decided." The prior action, which stemmed from the same accident but involved different defendants and different parts of the truck, decided the application of the statute to the crane.
 
 
 7
 The second issue on appeal is whether Pardo has raised a genuine issue of material fact as to whether RCW Sec. 7.72.060 bars his claims. We find that the evidence submitted was sufficient to raise a genuine issue of material fact as to the useful safe life of the truck bed.
 
 A. COLLATERAL ESTOPPEL
 
 8
 We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Because this is a diversity case, we apply the collateral estoppel rules of the forum state, in this case Washington. Bates v. Union Oil Co. of Calif., 944 F.2d 647, 649 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1761, 118 L.Ed.2d 424 (1992). Washington applies federal law to determine the preclusive effect of a prior federal judgment. Alcantara v. Boeing Co., 41 Wash.App. 675, 705 P.2d 1222, 1225 (1985). Under federal law, we review the availability of collateral estoppel de novo. Bates, 944 F.2d at 649. Knapheide, as the party asserting collateral estoppel, has the burden of showing that the issue was actually adjudicated in a prior proceeding. Chew v. Gates, 27 F.3d 1432, 1438 (9th Cir.1994).
 
 
 9
 In a prior action, Pardo v. Burlington Northern ("Pardo I "), No. C91-5349B, the plaintiffs sued the truck manufacturer ("General Motors"), the crane manufacturer ("Pitman"), and the first truck owner ("Burlington Northern" railroad). They alleged that the crane was defective in design and manufacture and that it lacked adequate warnings. They also alleged that Burlington Northern was negligent in reselling a defective vehicle. They agreed to dismiss General Motors. The district court granted summary judgment in favor of Burlington Northern and Pitman based on, among other grounds, its determination that the useful safe life of the product had expired under RCW Sec. 7.72.060. That statute provides:
 
 
 10
 (1) Useful safe life. (a) Except as provided in subsection (1)(b) hereof, a product seller shall not be subject to liability to a claimant for harm under this chapter if the product seller proves by a preponderance of the evidence that the harm was caused after the product's "useful safe life" had expired.
 
 
 11
 "Useful safe life" begins at the time of delivery of the product and extends for the time during which the product would normally be likely to perform or be stored in a safe manner....
 
 
 12
 ....
 
 
 13
 (2) Presumption regarding useful safe life. If the harm was caused more than twelve years after the time of delivery, a presumption arises that the harm was caused after the useful safe life had expired.
 
 
 14
 This presumption may only be rebutted by a preponderance of the evidence.
 
 
 15
 Knapheide contends that the district court's determination in Pardo I that the useful safe life of the product had expired collaterally estops litigation of the useful safe life of the product in the present action. We disagree. Pardo I decided the useful safe life of the crane, whereas at issue in the present action is the useful safe life of the truck bed.
 
 
 16
 The useful safe life holding in Pardo I did not apply to Burlington Northern. By definition, the useful safe life statute applies only to "product sellers." As the district court in Pardo I noted, Burlington Northern was not a "product seller" as defined by the product liability act. RCW Sec. 7.72.010(1) (1992) (" 'Product seller' means any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product."). The district court pointed out that while Burlington Northern, a railroad, may have been in the business of selling products, it was not in the business of selling the type of product that gave rise to the product liability claim. Burlington Northern was a consumer, not a product seller: It purchased the truck for its own use, and sold the truck when it was through with it. Because Burlington Northern was not a product seller, Pardo I 's useful safe life holding could not have applied to Burlington Northern.
 
 
 17
 The district court's suggestion that the useful safe life analysis applied equally to Pitman and Burlington Northern can only be read as dictum, which cannot be the basis for collateral estoppel. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992) ("To foreclose relitigation of an issue under collateral estoppel ... the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action."). The district court in Pardo I initially stated, "Now let me turn my attention to the defendant Pitman, and in this discussion join in with Burlington Northern on the useful safe life issue." In concluding its useful safe life analysis, the court stated, "So this machine has simply passed its useful safe life under Washington law, and on a products theory, neither defendant in this case can be held responsible for it." Given that Burlington Northern was subject only to common law negligence claims, the district court's holding can only be read to mean that, if Burlington Northern were a "product seller" subject to product liability claims, these claims would be dismissed based on the product liability act statute of repose.
 
 
 18
 The useful safe life holding in Pardo I was therefore limited to Pitman. But even with respect to Pitman, the court was vague in identifying which product had passed its useful safe life. In stating the holding, it referred only to the "equipment" and the "machine." "[I]f there is doubt as to the scope of the prior judgment, collateral estoppel will not be applied." See Chew v. Gates, 27 F.3d 1432, 1438 (9th Cir.1994).
 
 
 19
 By interpreting the statute of repose, we find that Pardo I 's useful safe life holding must have referred to the crane. Under RCW Sec. 7.72.060(1)(a), the "product seller" is not liable for harm under the product liability act if the harm was caused after the "product's" useful safe life had expired. In the definitions section of the product liability act, "product" is defined as "any object possessing intrinsic value, capable of delivery either as an assembled whole or as a component part or parts, and produced for introduction into trade or commerce." RCW Sec. 7.72.010(3) (emphasis added). "Product" as used in RCW Sec. 7.72.060 must refer to the specific product or component part giving rise to the product seller's potential liability. This is the only logical reading, because the statute would be unnecessary for products for which the product seller had no potential liability. Moreover, the statute cannot reasonably be read to absolve a product seller of liability for one product because a second product had passed its useful safe life.
 
 
 20
 Thus, the manufacturer of the truck bed cannot benefit from a decision that the useful safe life of the crane had passed. Plaintiffs alleged in Pardo I that Pitman was liable for harm caused by a defective crane. Pardo I therefore decided the useful safe life of the crane. In the present case, plaintiffs allege that Knapheide is liable for the harm caused by a defective truck bed. At issue is the useful safe life of the truck bed. This issue was not "actually litigated and necessarily determined" in Pardo I. See Little v. United States, 794 F.2d 484, 487 (9th Cir.1986). Even if the useful safe life of the truck had been decided in Pardo I, collateral estoppel would not prevent litigation of the useful safe life of the truck bed. The crane and the truck are both complex machines with moving parts; they would likely have different useful safe lives from the truck bed. "To foreclose relitigation of an issue under collateral estoppel ... the issue at stake must be identical to the one alleged in the prior litigation." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). Knapheide has not carried its burden of showing that the useful safe life of the truck bed was decided in Pardo I. Pardo's claims are thus not barred by collateral estoppel.
 
 B. USEFUL SAFE LIFE OF THE TRUCK BED
 
 21
 We review the district court's interpretation of RCW Sec. 7.72.060 de novo. Matter of McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc). Because the truck bed is over 12 years old, plaintiffs have the burden of proving at trial, by a preponderance of the evidence, that the truck bed had not exceeded its useful safe life at the time of the accident. RCW Sec. 7.72.060(2). Knapheide, as the party moving for summary judgment, has the burden of showing that there is no genuine issue of material fact. Bhan v. NME Hospitals, 929 F.2d 1404, 1409 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 617, 116 L.Ed.2d 639 (1991).
 
 
 22
 Plaintiffs provided an affidavit from Kenneth Lee Moberg, who is a civil and structural engineer with bachelor's and master's degrees from the University of Washington. He stated he had instructed courses in engineering statistics, strength of materials, and materials testing, and had acted as department head of engineering and engineering technology at Clark College, Vancouver, Washington. At the time he signed the affidavit, he was also the owner of the dump truck in issue. Moberg's affidavit states that: "as I am currently using this vehicle in my work, it is obvious and it is my opinion that its useful life exceeds twelve years, and the useful safe life of the vehicle, especially the Knapheide bed, is at least 30 years."
 
 
 23
 Knapheide's evidence is a declaration by John Evans, director of engineering at Knapheide, and excerpts from the deposition of Kenneth Enslow, Pardo's former employer. Evans states,
 
 
 24
 Vehicles such as the one involved in this lawsuit are normally used in industrial or agricultural settings and the useful safe life depends on the intensity of use and the level of maintenance and repair. If the truck bed, hoist and vehicle are used heavily and not properly maintained or repaired, the useful safe life can be less that 12 years.
 
 
 25
 In my opinion, the vehicle involved in this lawsuit was subjected to heavy use, was not well maintained, and was beyond its useful safe life at the time of the accident which injured plaintiff.
 
 
 26
 Enslow describes a vehicle in which the hydraulic lift installed beneath the bed did not work, the truck bed was cracked and bent from repeated misuse, the cable was misrouted and repeatedly frayed, the crane's warning placards had not been installed, and the crane was damaged in a collision and in need of substantial repair.
 
 
 27
 Moberg's affidavit creates a genuine issue of material fact regarding the useful safe life of the truck bed. Moberg has provided his opinion, as an expert, that the useful safe life of the truck bed is at least 30 years. Cf. Morse v. City of Toppenish, 46 Wash.App. 60, 729 P.2d 638, 641-42 (1987) (affidavit containing expert's opinion regarding useful safe life of diving board created question of fact). Evans' declaration merely indicates that the useful safe life of the truck bed is in dispute, not that there is no issue of material fact.
 
 III.
 Conclusion
 
 28
 This claim is against Knapheide, the manufacturer of the truck bed, alleging that the absence of a bed block and warning placards caused Pardo's injuries and death. The product involved is the truck bed, not the truck as an assembled unit, nor the crane. Collateral estoppel does not apply. Plaintiffs' evidence is sufficient to raise a genuine issue of material fact concerning the useful safe life of the truck bed. Plaintiffs should therefore be given the opportunity to prove at trial that the truck bed had not passed its useful safe life at the time of the accident.
 
 
 29
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 Lilly Enterprises was initially named in the action, but was dismissed