ELECTRONIC CITATION:  2000 FED App. 0006P (6th Cir.)
File Name:  00b0006p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re:  CHARLES E. MOFFITT,

    Debtor.

_____

ROSE DELIA GONZALEZ,

    Plaintiff - Appellee,

   v.

CHARLES E. MOFFITT,

    Defendant - Appellant.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 00-8016

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Western Division, at Toledo.
No. 97-33860, Adv. Proc. 98-3006

Argued: July 19, 2000

Decided and Filed:  September 20, 2000

Before: AUG, BROWN, and RHODES, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ARGUED:**  William L. Swope, RANDY L. REEVES CO., L.P.A., Findlay, Ohio, for Appellant.  Louis Yoppolo, SHINDLER, NEFF, HOLMES & SCHLAGETER, Toledo, Ohio, for Appellee.  **ON BRIEF:**  William L. Swope, RANDY L. REEVES CO., L.P.A., Findlay, Ohio, for Appellant.  Louis Yoppolo, SHINDLER, NEFF, HOLMES & SCHLAGETER, Toledo, Ohio, for Appellee.



**OPINION**

_____

J. VINCENT AUG, JR., Bankruptcy Appellate Panel Judge. The Bankruptcy Court gave preclusive effect to a District Court jury verdict in favor of Plaintiff Rose Delia Gonzalez in the amount of $175,000 on her claim that the Debtor intentionally caused her serious emotional distress, therefore finding that the judgment debt was nondischargeable under 11 U.S.C. § 523(a)(6). We AFFIRM.

## I. ISSUES ON APPEAL

The first issue is whether the Bankruptcy Court correctly applied the principle of preclusion, specifically collateral estoppel, to the District Court jury verdict relative to both the willful and malicious elements of § 523(a)(6) .

The second issue is whether there is sufficient evidence to support the findings that the Debtor acted willfully and maliciously towards Gonzalez.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Court's order granting summary judgment in favor of Gonzalez in the adversary proceeding is final and appealable by right under 28 U.S.C. § 158(a)(1). _Belfance v. Bushey (In re Bushey),_ 210 B.R. 95, 98 (B.A.P. 6th Cir. 1997).

An order granting summary judgment is a conclusion of law and is reviewed _de novo. Id._ Applicability of the principle of preclusion is also reviewed _de novo. Markowitz v. Campbell (In re Markowitz),_ 190 F.3d 455, 461 (6th Cir. 1999). _De novo_ means that the appellate court determines the law independently of the trial court's determination. _In re Bushey,_ 210 B.R. at 98 (citing _Razavi v. Comm'r,_ 74 F.3d 125, 127 (6th Cir. 1996)).

## III. FACTS

The following facts are taken from the United States Court of Appeals for the Sixth Circuit affirming the United States District Court for the Northern District of Ohio's ("District Court") judgment in favor of Gonzalez:

> [The Debtor] and Gonzalez married in 1978. [The Debtor] admits he had at least three extramarital affairs spanning from the late 1980s until their divorce in 1996. He testified that he used a condom during his intercourse until approximately 1993. At this time, he stopped using a condom regularly during his affair with Laura Axe, whom he later married. During this period [the Debtor] continued to engage in sexual activity with Gonzalez.
>
> Throughout the last years of their marriage Gonzalez repeatedly questioned [the Debtor] as to whether he was having affairs, but he always denied having any affairs. In March 1994, Gonzalez noticed warts in [the Debtor]'s genital area. Gonzalez questioned [the Debtor] about the genital warts, but he convinced her it was merely a "winter rash." Satisfied by his answer, Gonzalez engaged in unprotected sex with [the Debtor]. Later that year, [the Debtor] filed for divorce.
>
> After Gonzalez discovered [the Debtor]'s numerous affairs, she went to a doctor to determine if she suffered from any sexually transmitted diseases. The results showed that Gonzalez suffered from human papilloma virus, or HPV, commonly referred to as genital warts. A person can only contract HPV through sexual intercourse. Gonzalez testified that she never had sexual intercourse with anyone except [the Debtor].

*Gonzalez v. Moffitt*, No. 97-4184, 1999 WL 220126 (6th Cir. April 6, 1999).

In February 1997, Gonzalez initiated an action against the Debtor in District Court. Gonzalez' District Court complaint included a count sounding in intentional and/or negligent infliction of emotional distress. A trial commenced on August 4, 1997 and the jury returned a unanimous verdict in favor of Gonzalez. The jury found that Gonzalez proved by a preponderance of the evidence that the Debtor "intentionally, or recklessly (with conscious disregard) caused serious emotional distress" to Gonzalez and that her proven damages therefor were $175,000.00.[1] The Debtor appealed this decision to the Sixth Circuit.

---

[1] The relevant jury interrogatory was as follows:

Do you find that the Plaintiff has proved by a preponderance of the evidence that Defendant intentionally, or recklessly (with conscious disregard) caused serious emotional distress to Plaintiff?

The Debtor subsequently filed his Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio ("Bankruptcy Court") on September 22, 1997. Gonzalez thereafter filed her complaint to determine dischargeability under 11 U.S.C. § 523(a)(6) ("Bankruptcy Adversary Proceeding").

On April 6, 1999, the Sixth Circuit entered a *per curiam* opinion affirming the District Court. Specifically, the Sixth Circuit affirmed the $175,000.00 award of compensatory damages for the intentional infliction of emotional distress. The Sixth Circuit also determined that the $175,000.00 verdict was not highly excessive. The Sixth Circuit stated that the Debtor's conduct was "extreme and outrageous" and, therefore, the evidence was "sufficient to support Gonzalez' claim for reckless or intentional infliction of emotional distress." *Gonzalez v. Moffitt*, 1999 WL 220126 at *2. The Sixth Circuit found that Gonzalez could maintain independent claims for both negligence and an intentional tort based on the same conduct. Lastly, the Sixth Circuit found no plain error with regard to the jury instructions.

The parties then filed cross-motions for summary judgment in the Bankruptcy Adversary Proceeding. Gonzalez asserted that the Debtor was collaterally estopped from denying the nondischargeability of the $175,000.00 judgment under § 523(a)(6). Gonzalez also contended that the jury findings in the District Court action were sufficient to constitute a willful and malicious act under § 523(a)(6).

The Bankruptcy Court found that the District Court jury made a specific finding that the Debtor acted intentionally and that the finding should be given preclusive effect. The Bankruptcy Court also found that the District Court jury decided that the Debtor acted, at a minimum, with conscious disregard in causing emotional distress to Gonzalez, that this was equivalent to a finding of malice, and that the finding should be given preclusive effect. In addition, the Bankruptcy Court found as a matter of law and based on the evidence before it that the Debtor's conduct was willful and malicious for purposes of § 523(a)(6).

## IV. DISCUSSION

The Debtor argues that the District Court jury verdict should not be given preclusive effect because the interrogatories were written in the disjunctive. As such, the Debtor contends, the jury could have found that the Debtor's conduct was not willful and was merely reckless. The Debtor further contends that under *Kawaauhau v. Geiger,* 523 U.S.

-4-

57, 118 S.Ct. 974 (1998), § 523(a)(6) encompasses only intentional torts, where the Debtor intends the consequences of his acts, and does not encompass merely negligent or reckless acts.

The doctrine of collateral estoppel, also referred to as issue preclusion,[2] prevents a party from relitigating issues that were actually litigated in a prior proceeding. The doctrine is based on the efficient use of judicial resources and on a policy of discouraging parties from ignoring actions brought against them. The Supreme Court has held that the doctrine applies in nondischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 285, n. 11, 111 S.Ct. 654, 658 (1991).

In order for collateral estoppel to apply under Ohio law, the following elements must be established:

> 1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with a party to the prior action.

*Murray v. Wilcox (In re Wilcox),* 229 B.R. 411, 415-16 (Bankr. N.D. Ohio 1998) (citing *Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 623 N.E.2d 213, 215 (Ohio Ct. App. 1993).

The Sixth Circuit has addressed a federal rule of issue preclusion, requiring "that the precise issue in the latter proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981), *overruled on other grounds*, *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 319 (6th Cir. 1997). That court observed that mutuality of parties "is no longer necessary in some circumstances." *Id.* A split in authority exists as to whether to apply federal issue-preclusion law or state issue-preclusion law to a prior federal judgment based upon diversity.[3]

---

[2] The Sixth Circuit has stated a preference for the use of the term "issue preclusion" instead of the term "collateral estoppel." *Heyliger v. State Univ. and Community College Sys. of Tennessee*, 126 F.3d 849, 852 (6th Cir. 1997). *See also Barnes v. McDowell*, 848 F.2d 725, 728 n. 5 (6th Cir. 1998).

[3] The majority of the decisions at the circuit level agree that the federal law of issue preclusion applies to subsequent federal causes of action. See *Johnson v. SCA Disposal Servs. of New England*, 931 F.2d 970, 974 (1st Cir. 1991); *Kern v. Kettinger*, 303 F.2d 333, 340 (2d Cir. 1962); *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179 (4th Cir. 1989); *Reimer v. Smith*, 663 F.2d 1316, 1325 n.9 (5th Cir. 1981); *Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd.*,

The bankruptcy judge in the instant action chose to analyze the issue-preclusive effect of the prior federal diversity judgment under Ohio law. Because issue preclusion under both Ohio law and federal law contain the common element that the precise issue must be raised in both proceedings, the outcome does not turn on the use of Ohio or federal law. The other federal preclusive elements are satisfied in this case, as are the Ohio elements. It is, therefore, unnecessary for this Panel to decide whether a bankruptcy court should always apply the federal law of issue preclusion when determining the issue-preclusive effect of a prior federal diversity judgment.[4]

## A.

*Kawaauhau* instructs that for a debt to be nondischargeable under § 523(a)(6), the debtor must have intended not only his conduct, but also the consequences of his conduct. Interpreting *Kawaauhau* and looking to the Restatement for guidance, the Sixth Circuit has held that a willful and malicious injury as defined under § 523(a)(6) is one where the debtor "desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it." *In re Markowitz*, 190 F.3d at 464 (quoting Restatement (Second) of Torts § 8A, at 15 (1964)). The Eighth Circuit, the Fifth Circuit, and the Ninth Circuit Bankruptcy Appellate Panel have also embraced the "substantially certain" standard.[5] *See Kawaauhau*, 113 F.3d 848; *Miller v. J.P. Abrams, Inc. (In re Miller),*

---

58 F.3d, 303, 307 (7th Cir. 1995); *Empire Fire and Marine Ins. Co. v. J. Transport, Inc.,* 880 F.2d 1291, 1294 n.2 (11th Cir. 1989).

The Eighth Circuit has consistently held that in a federal cause of action, state law governs the issue-preclusive effect of a prior federal judgment. *Lane v. Sullivan*, 900 F.2d 1247, 1249-50 (8th Cir. 1990). *See also Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994).

[4]The Sixth Circuit, when faced with determining the issue-preclusive effect of a prior federal court judgment, has followed the majority rule and applied federal law. *See J.G.Z. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211 (6th Cir. 1996) (applying federal law of issue preclusion to a federal diversity judgment in subsequent federal diversity action); *see also Monica v. Simpson (In re Simpson)*, 229 B.R. 419, 422 (Bankr. W.D. Tenn. 1999) (applying federal law to determine issue-preclusive effect of bankruptcy court's default judgment); *In re Downs*, 205 B.R. 93, 95 (Bankr. N.D. Ohio, 1996) (federal law of issue preclusion applied to determine preclusive effect of judgment entered in trustee's adversary proceeding on trustee's subsequent objection to claim). According to the Sixth Circuit,

> [o]ne of the strongest policies a court can have is that of determining the scope of its own judgments. It would be destructive to the basic principles of the Federal Rules of Civil Procedure to say that the effect of a judgment of a federal court was governed by the law of the state where the court sits simply because the source of federal jurisdiction is diversity.

*J.Z.G. Resources*, 84 F.3d at 214 (quoting *Kern v. Kettinger*, 303 F.2d 333, 340 (2nd Cir. 1962)).

[5]Post-*Geiger*, courts are split as to whether "willful and malicious injury" is a unitary standard or a dual standard requiring proof of both a willful injury and a malicious injury. *Compare Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 641 (8th Cir. 1999) (holding willful and malicious to be a dual standard) *with Miller*, 156 F.3d 598 and *Baldwin*, 245 B.R. 131 (both adopting the unitary standard). It is unnecessary for this Panel to address this split, but

156 F.3d 598 (5th Cir. 1998); *Baldwin v. Kilpatrick (In re Baldwin),* 245 B.R. 131 (B.A.P. 9th Cir. 2000) (following *In re Markowitz* and *In re Miller*).

The District Court, sitting in diversity, applied Ohio law to determine the Debtor's liability to Gonzalez. Under Ohio law, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 453 N.E.2d 666, 671 (Ohio 1983) (quoting Restatement (Second) of Torts, § 46(1) (1965)). Accordingly, four elements must be met to sustain a claim for intentional infliction of serious emotional distress:

> 1. that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff;
> 2. that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community;"
> 3. that the actor's actions were the proximate cause of plaintiff's psychic injury; and
> 4. that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it."

*Plotner v. Swanton Local Bd. of Educ.,* 85 F. Supp. 2d 747, 753-54 (N.D. Ohio 2000) *(citing Ashcroft v. Mount Sinai Med. Ctr.*, 588 N.E.2d 280, 284 (Ohio Ct. App. 1990)).

Under Ohio law the term reckless is used interchangeably with the terms willful and wanton. *Thompson v. McNeill,* 559 N.E.2d at 708, n.1. At the very least, the District Court jury found that the Debtor "recklessly (with conscious disregard) caused serious emotional distress" to Gonzalez. *Gonzalez v. Moffitt,* Judgment of the United States District Court, Northern District of Ohio, Eastern Division, Case No. 3:96 CV 7359, August 9, 1997, at page 3. The inclusion of the phrase "with conscious disregard" by the District Court judge into the jury interrogatory insures that the jury must have found that the Debtor's intent reached the level of intent required by the Sixth Circuit in *In re Markowitz* and the Supreme Court in *Kawaauhau* for the debt to be nondischargeable. This conclusion is supported by the Sixth Circuit's affirmance *in this case* of the District Court's $175,000.00 award for the "*intentional* infliction of emotional distress." *Gonzalez v. Moffitt,*

---

since the bankruptcy court discussed the elements separately, so do we.

1999 WL 220126 at *2 (emphasis added). Furthermore, as explained by the Sixth Circuit *in this case*, reckless behavior is conduct that "creates an unreasonable risk of physical harm to another but also that *such risk is substantially greater than that which is necessary to make his conduct negligent.*" *Id.* at *2 (quoting *Thompson v. McNeill*, 559 N.E.2d at 708) (emphasis added by Sixth Circuit)). The definition of reckless under Ohio law, as well as the first prong of Ohio's test for intentional infliction of emotional distress, is nearly identical to the level of intent required by the Sixth Circuit in *In re Markowitz*. Thus, the Bankruptcy Court correctly gave preclusive effect to the District Court order relative to the willful component of § 523(a)(6).

## B.

The Debtor also contends that because the District Court did not award punitive damages, a finding of actual malice was not made and, therefore, that the "malicious" requirement of § 523(a)(6) has not been satisfied. Under Ohio law, punitive damages are awarded upon a finding of actual malice. *See Malone v. Courtyard by Marriott Ltd. Partnership*, 659 N.E.2d 1242, 1247 (Ohio 1996). However, the converse is not necessarily true. In other words, the existence of actual malice may not always result in an award of punitive damages. For example, a party seeking punitive damages must show both malice and a proof of actual damages resulting therefrom. *See id.* In any event, an award of punitive damages by a prior court simply is not a prerequisite to a finding of nondischargeability under § 523(a)(6).

The Debtor also points to the Sixth Circuit's statement that "Gonzalez does not dispute the absence of a finding of actual malice." *Gonzalez v. Moffitt*, 1999 WL 220126 at *1. Thus, the Debtor contends that Gonzalez should be precluded from arguing that a finding of malice *was* made. However, the District Court jury was not *asked* whether the Debtor acted with actual malice because the jury was not allowed to award punitive damages.[6] For purposes of preclusion, there is a critical difference between the jury not being asked a question and the jury answering an asked question in the negative. More importantly, however, is the fact that while the Sixth Circuit acknowledged the absence of a finding of actual malice in the District Court action, it still described the Debtor's conduct

---

[6] The reason for this is not apparent from the record.

as "'extreme and outrageous' and therefore sufficient to support Gonzalez' claim for intentional infliction of emotional distress." *Id.* at *2 (quotes in original).

Under § 523(a)(6), a person is deemed to have acted maliciously when that person acts in conscious disregard of his duties or without just cause or excuse. *See In re Wilcox,* 229 B.R. at 419. (citations omitted). At a minimum, the District Court jury determined that the Debtor acted with "conscious disregard" in causing serious emotional distress to Gonzalez. These standards are nearly identical. Thus, the Bankruptcy Court correctly gave preclusive effect to the District Court order relative to the malicious component of § 523(a)(6).

In view of the above, it is not necessary for this panel to address the second issue raised by the Debtor, concerning the bankruptcy court's independent findings that the § 523(a)(6) elements were established. Nonetheless, we take note of the Sixth Circuit's description *in this case*: "The record contains ample evidence that [the Debtor] admitted to having unprotected sex with Gonzalez and others, knew the risks of transmitting sexually transmitted diseases, and lied to Gonzalez about having extramarital affairs and about having genital warts." *Gonzalez*, 1999 WL 220126 at *2.

The Debtor's behavior is "socially reprehensible" and the debt is "not worthy of discharge." *In re Wilcox,* 229 B.R. at 418, n.7 (*citing In re Krautheimer,* 210 B.R. 37, 47 (Bankr. S.D.N.Y. 1997)). Regardless of the name of the underlying associated tort litigated in the District Court action, the conduct of the Debtor indicates no other conclusion but that the Debtor intended to cause harm to Gonzalez or that harm was substantially certain to result (i.e., willfully) and that he acted in conscious disregard of his duty to Gonzalez, his wife (i.e., maliciously).

## V. CONCLUSION

The order of the Bankruptcy Court is **AFFIRMED**.