In re Larry E. BROWN, Debtors.

Barry M. Snow, Administrator
of the Estate of Joyce J.
Brown, Plaintiff,

v.

Larry E. Brown, Defendant.

Bankruptcy No. 00–50569.
Adversary No. 00–0053.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Dec. 8, 2000.

Michael T. Irwin, Westerville, OH, for Plaintiff.

Terry D. Van Horn, Columbus, OH, for Defendant/Debtor.

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion for summary judgment filed by plaintiff Barry M. Snow ("Snow"), the administrator for the estate of Joyce J. Brown. Snow seeks a determination as a matter of law that the judgment he obtained against defendant Larry E. Brown ("Brown") is nondischargeable under 11 U.S.C. § 523(a)(6). Brown filed a memorandum contra to which Snow replied. Brown subsequently supplemented his response on November 28, 2000.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(I).

On July 27, 1999, following a civil jury trial, the Franklin County Common Pleas Court entered judgment against Brown in the aggregate amount of $850,000 on Snow's survivorship and wrongful death claims. Snow had alleged in his complaint that Brown had intentionally and feloniously caused the death of Joyce J. Brown. *See* certified copy of Judgment Entry attached to Snow's motion for summary judgment as Exhibit A.

Brown filed motions for judgment notwithstanding the verdict, new trial, and judgment on the pleadings. The state trial court denied each of these motions. Brown then appealed the judgment to the Franklin County Court of Appeals. On September 26, 2000, the court of appeals affirmed the judgment.

■ Title 11, United States Code, Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." As used here, the word "willful" modifies the word "injury" and connotes a deliberate or intentional injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Following *Geiger*, the Sixth Circuit adopted for purposes of § 523(a)(6) the Restatement (Second) of Torts' definition of intentional torts. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999). Thus, "unless 'the actor desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it,' he has not committed a willful and malicious injury as defined under § 523(a)(6)." *Id.* (quoting Restatement (Second) of Torts § 8A, at 15 (1964)).

Snow argues that under principles of collateral estoppel, the jury's verdict and resulting judgment against Brown should be given preclusive effect. He emphasizes the state court's instruction to the jury during its deliberation that it could not render a verdict in favor of Snow unless it

found by the greater weight of the evidence that Brown caused the death of Joyce J. Brown by means of strangulation. *See* certified copy of jury's question and Judge Thompson's response attached to Snow's motion as Exhibit B.

■ Ohio law requires Snow to establish the following elements for collateral estoppel to apply:

1. A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

2. The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment.

3. The issue in the present suit must have been identical to the issue in the prior suit; and

4. The party against whom estoppel is sought was a party or in privity with a party to the prior action.

*Gonzalez v. Moffitt (In re Moffitt)*, 252 B.R. 916, 921 (6th Cir. BAP 2000).

■ Brown argues that Snow cannot meet the first element of collateral estoppel because the Franklin County Court of Appeals dismissed his appeal for procedural technicalities instead of adjudicating his appeal on the merits. He cannot deny, however, that he was able to litigate the issues raised by Snow's complaint at the state court trial. While he complains that the trial was rife with errors, this bankruptcy court has no jurisdiction to entertain appellate review or collateral attack with respect to the state court judgment. *See Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 536 (6th Cir. BAP 1999) (construing *Rooker–Feldman* doctrine).

Brown also contends that the jury's failure to award punitive damages cannot be reconciled with a finding that he caused the death of Joyce J. Brown by strangulation. He points specifically to a jury instruction regarding punitive damages which states that "to be clear and convincing the evidence must be more than simply a greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction about the fact that Larry Brown killed Joyce Brown by strangulation."

■ An award of punitive damages, however, is not a prerequisite to a finding of nondischargeability under § 523(a)(6). *Moffitt*, 252 B.R. at 923; *Smith v. Pitner (In re Pitner)*, 696 F.2d 447, 449 (6th Cir.1982). Moreover, the jury instruction cited by Brown required the jury to apply a higher degree of proof in order to award punitive damages. Thus, the failure to award punitive damages is not inconsistent with the jury's finding by the greater weight of the evidence that Brown caused the death of Joyce J. Brown by strangulation. This is the same standard of proof this Court must apply in dischargeability actions. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ The Court determines as a matter of law that the issue of whether Brown intentionally and feloniously caused the death of Joyce J. Brown was actually and directly litigated in the prior suit and was necessary to the state court's judgment. Furthermore, the issue in this adversary of whether Brown's actions constituted willful and malicious injury is substantially identical to that issue litigated in the state court trial. Because Brown also was able to fully and fairly litigate this issue to final judgment and because the parties here are identical to those in the prior trial, the Court concludes that Brown is collaterally estopped from litigating the issue of whether he intentionally and feloniously caused the death of Joyce J. Brown by strangulation.

■ This Court further finds as a matter of law that by strangling Joyce J.

Brown, Brown desired to cause her death or was substantially certain that her death would occur. Thus, his act was willful. *Markowitz,* 190 F.3d at 464. Having offered no justification for his act in the state court trial, Brown is also deemed to have acted maliciously. *Moffitt,* 252 B.R. at 923.

Based on the foregoing, the Court finds that there are no genuine issues of material fact and that Snow is entitled to judgment as a matter of law. Accordingly, Snow's motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

### *JUDGMENT ENTRY*

In accordance with the Opinion and Order Granting Plaintiff's Motion for Summary Judgment filed on this date, judgment is hereby entered in favor of plaintiff Barry M. Snow, Administrator, and against defendant Larry E. Brown. The $850,000 debt owing to the plaintiff by the defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

**IT IS SO ORDERED.**