**In re Francine Y. MITCHELL, Debtor.**

**Lu Ann Mitchell, Plaintiff,**

v.

**Francine Y. Mitchell, Defendant.**

**Bankruptcy No. 00-12347.**
**Adversary No. 00–1168.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Dec. 14, 2000.

Mary Ann Rabin, Cleveland, Ohio, for plaintiff.

Marcus L. Poole, Cleveland, Ohio, for defendant.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The issue before the Court is the dischargeability of two debts owed by the Debtor Francine Mitchell ("Debtor") to the Plaintiff Lu Ann Mitchell ("Plaintiff"). The subject debts arose from two 1995 judgments, one in the amount of $7,000.00 and one in the amount of $1,650.00. In the present adversary proceeding, the Plaintiff asserts the nondischargeability of the debts under § 523(a)(6) of the Bankruptcy Code.

Jurisdiction is proper under provisions of 28 U.S.C. § 1334 and General Order Number 84 of this district. Pursuant to 28 U.S.C. § 157(b)(2)(I) and (O), this is a core proceeding. Upon review of the facts and the record, the Court finds as follows:

The Plaintiff and the Debtor are biological sisters, but their relationship has been estranged for many years. There have been numerous altercations between the two sisters, and at least two have resulted in legal proceedings against the Debtor. (Plaintiff, Direct). The first such incident arose on May 30, 1994, when the Plaintiff visited the house of their mother, where the Debtor also resided. After a verbal confrontation between the sisters, a physical altercation ensued. *Id.* This attack resulted in an injury to the Plaintiff's arm that required stitches and a visit to the emergency room. *Id.*

Following the May, 1994 attack, the Debtor was indicted for Felonious Assault with Violent Intimidation of the Crime Victim, and Vandalism (Plaintiff, Direct). At trial on January 4, 1995, in the Court of Common Pleas of Cuyahoga County, the Debtor "entered a plea of guilty to aggravated assault, [O.R.C. § 2903.12," as

shown in a Journal Entry filed January 11, 1995 with the Clerk of that court. (Plaintiff's Exh. 1).

On October 4, 1994, the Plaintiff filed a state-court civil action to recover damages resulting from the May 30, 1994 attack. The Debtor did not file an answer. On January 3, 1995, the Cleveland Municipal Court entered a Judgment Entry granting the Plaintiff a default judgment in the amount of $7,000.00, pursuant to a Referee's Recommendations and Civil Rule 55 of the Ohio Rules of Civil Procedure. (Plaintiff's Exhs. 3 & 4).

The second incident occurred on July 11, 1994. On this occasion, the Debtor attacked the Plaintiff's car, causing property damage in the amount of $500.00. The Plaintiff again filed a civil action against the Debtor. (Plaintiff's Exh. 5). The Debtor did not contest this action. In May of 1995, the Cleveland Municipal Court entered a judgment in the amount of $1,650.00 plus court costs against the Debtor. (Plaintiff's Exh. 6; Plaintiff, Direct). At no time has the Plaintiff received any money toward either of those judgments. (Plaintiff, Direct).

■ Section 523(a)(6) of the Bankruptcy Code provides:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). Thus, a debt will be nondischargeable under subsection (a)(6) if the objecting creditor can establish by a preponderance of the evidence five elements: (1) an injury; (2) caused by the debtor; (3) either to another entity, or to another entity's property; that is both (4) willful; and (5) malicious.

■ The Plaintiff's exhibits show that the Defendant "entered a plea of guilty to aggravated assault," with regards to the May, 1994 attack. (Plaintiff's Exh. 1). The Ohio Revised Code provides:

No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) cause serious physical harm to another or to another's unborn; [or] (2) cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance ... Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree. O.R.C. § 2903.12.

Likewise, the common law crime of assault is defined as "any willful attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability to do so, and any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm." *Black's Law Dictionary*, 105 (7th ed. 1999).

■ A guilty plea is a "formal admission in court as to guilt which a defendant may make if he or she does so intelligently and voluntarily." *Id.*, at 637. Therefore, the Defendant's plea in the Cuyahoga County Court of Common Pleas represented an admission on her part as to the elements of aggravated assault.

For purposes of the Court's inquiry under Section 523(a)(6) of the Bankruptcy Code, the Defendant's guilty plea included admissions as to several of the requisite elements. The Defendant's plea admits that she "cause[ed] serious physical harm to another" or "attempt[ed] to cause physical harm to another." O.R.C. § 2903.12. The Defendant's admission, therefore, satisfies the following elements under § 523(a)(6): (1) an injury; (2) caused by the debtor; (3) to another entity.

■ The Plaintiff also satisfies the fourth element, whether the injury was willful. For purposes of Section 523(a)(6),

"willful" means "voluntary," "intentional," or "deliberate." *Kawaauhau v. Geiger,* 523 U.S. 57, 61 n. 3, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The criminal statute to which the Defendant pleaded guilty includes the term "knowingly." O.R.C. § 2903.12. Further, the civil complaint filed October 4, 1994, alleged that "Defendant unlawfully and intentionally struck" the Plaintiff in the course of the May, 1994 incident. (Plaintiff's Exh. 2). The Plaintiff was awarded a Default Judgment on that complaint, upon the findings and recommendations of a referee. These facts are more than sufficient to support the willfulness of the injury.

The final question is whether the injury was malicious. The Defendant's guilty plea does not govern this inquiry, because malice is not an element of Section 2903.12 of the Ohio Revised Code. Malice is not defined by the Ohio Revised Code, but "the Sixth Circuit has held that a willful and malicious injury as defined under § 523(a)(6) is one where the debtor 'desires to cause consequences of his act, or believes that the consequences are substantially certain to result from it.'" *Gonzalez v. Moffitt (In re Moffitt),* 252 B.R. 916, 922 (6th Cir. BAP 2000) (quoting *In re Markowitz,* 190 F.3d 455, 464 (6th Cir. 1999)). The actor here clearly desired to cause the consequences of her acts, and the record makes clear that those acts were indeed malicious. As such, each of the five requirements of Section 523(a)(6) have been satisfied.

Accordingly, judgment is hereby rendered in favor of the Plaintiff, Lu Ann Mitchell, and the subject debts are hereby determined to be nondischargeable, pursuant to Section 523(a)(6) of the Bankruptcy Code. Each party is to bear its respective costs.

**IT IS SO ORDERED.**