CHRISTEN, Circuit Judge,
concurring:
I concur in the majority’s judgment and reasoning; 11 U.S.C. § 727(e)(1) is a waiva-ble and non-jurisdictional time bar. I write separately to further explain why I conclude that § 727(e)(1) is a statute of limitations, rather than a statute of repose.
There are “sometimes arcane distinctions” between statutes of limitations and statutes of repose, but the case law in this area is confusing because these limitation periods share many of the same attributes. See Underwood Cotton Co. v. Hyundai Merch. Marine (Am.), Inc., 288 F.3d 405, 409 (9th Cir. 2002). Both set time limits for bringing suits after a specific period. See Black’s Law Dictionary (10th ed. 2014) (defining “statute of limitations” as “a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued,” and defining “statute of repose” as “[a] statute barring any suit that is brought after a specified time since the defendant acted”). Statutes of limitations and statutes of repose also serve some of the same purposes. Compare CTS Corp. v. Waldburger, — U.S.—, 134 S.Ct. 2175, 2183, 189 L.Ed.2d 62 (2014) (“Statutes of repose effect a legislative judgment that a defendant should ‘be free from liability after the legislatively determined period of time.’ ” (citation omitted)) with In re Neff, 824 F.3d 1181, 1185 (9th Cir. 2016), cert. denied sub nom. DeNoce v. Neff, — U.S. —, 137 S.Ct. 831, 197 L.Ed.2d 73 (2017) (“Statutes of limitations serve the policies of ‘repose, elimination of stale claims, and certainty about a plaintiffs opportunity for recovery and a defendant’s potential liabilities.’ ” (citation omitted)).
Critical for the resolution of this appeal is that a “statute of limitations is an affir *816 mative defense ... [that] may be waived.” See 51 Am. Jur. 2d Limitation of Actions § 345. “A statute of repose, like a jurisdictional prerequisite, ‘extinguishes a cause of action after a fixed period of time ... regardless of when the cause of action accrued’ ” and may not be waived. See Albillo-De Leon v. Gonzales, 410 F.3d 1090, 1097 n.5 (9th Cir. 2005) (alteration in original) (quoting 51 Am. Jur. 2d Limitation of Actions § 12).
I am persuaded that § 727(e)(1) is a statute of limitations, and not a statute of repose, for several reasons. First, rather than purporting to restrict the authority of the court, the text of § 727(e)(1) speaks to what litigants must do to request a revocation of discharge and when they may file such a request. See § 727(e)(1) (“The trustee, a creditor, or the United States trustee may request a revocation of a discharge ... under subsection (d)(1) of this section within one year after such discharge is granted.... ”). Section 727(e)(l)’s permissiye language appears to be a deliberate choice made by Congress when enacting the Bankruptcy Reform Act of 1978. Previous versions of this provision suggested limitations on the power of courts and judges to revoke discharges, rather than limitations on the ability of litigants to request revocation. Compare Bankruptcy Act of 1898, ch. 541, § 15, 30 Stat. 550 (1898) ('“The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it ... if it ... was obtained through the fraud of the bankrupt....” (emphasis added)), and Pub. L. 91-467, § 4, 84 Stat. 991 (1970) (superseded 1978) (“The court may revoke a discharge upon the application of a creditor, the trustee, the United States attorney, or any other party in interest, who has not been guilty of laches, filed at any time within one year after a discharge has been granted ...” (emphasis added)) with § 727(e)(1) (“The trustee, a creditor, or the United States trustee may request ...” (emphasis added)). This language strongly indicates that Congress did not intend § 727(e)(1) to limit the court’s authority to revoke discharges.
Second, § 727(e)(1) does not fit the typical profile of statutes of repose. Much of the case law concerning statutes of repose arises from products liability claims subject to limitation periods that only work total claim forfeitures after very long periods of time. See, e.g., Blazevska v. Raytheon Aircraft Co., 522 F.3d 948, 951 (9th Cir. 2008) (interpreting the General Aviation Revitalization Act’s 18-year statute of repose for civil actions “arising out of an accident involving a general aviation aircraft”); Pardo v. Olson & Sons, Inc., 40 F.3d 1063, 1065-66 (9th Cir. 1994) (addressing Washington products liability statute barring “a product liability claim where the product has passed its ‘useful safe life’ ” and presuming that time period to be at least 12 years (quoting Wash. Rev. Code § 7.72.060)); see also Underwood Cotton Co., 288 F.3d at 408 (concluding a one-year time bar had a “short fuse,” and that the time limit for a statute of repose would typically be longer); Black’s Law Dictionary (10th ed. 2014) (noting a statute of repose is triggered by action of the defendant, “such as ... designing or manufacturing a product”).
I am not persuaded that the Bankruptcy Code’s underlying policy goals, favoring finality and “fresh starts” for debtors, indicate that § 727(e)(1) is a statute of repose. See S. Rep. 95-989, at 98 (1978) (“[Section 727] is the heart of the fresh start provisions of the bankruptcy law.”); H.R. Rep. 95-595, at 5967 (1978) (same); see also CTS Corp., 134 S.Ct. at 2183 (“Like a discharge in bankruptcy, a statute of repose can be said to provide a fresh start or freedom from liability.”). In § 727(d), Congress ex *817 pressly required that a discharge must be revoked in certain circumstances, including if the debtor’s “fresh start” was procured by fraud. See § 727(d). Also, although § 727 provides a fresh start, it does not secure absolute finality; 11 U.S.C. § 350 allows bankruptcy proceedings to be reopened, without any express time limitation, upon a proper showing.
I agree with the majority that equitable tolling is not at issue in this ease, so we need not decide whether the limitations period in § 727(e)(1) is a “regular” statute of limitations or a “mandatory” and non-tollable limitations period. See Sebelius v. Auburn Reg’l Med. Ctr., 568 U.S. 145, 133 S.Ct. 817, 826-28, 184 L.Ed.2d 627 (2013) (concluding that equitable tolling does not apply to a particular non-jurisdictional limitations period); United States v. Brockamp, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (same).
For these reasons and those stated in the majority opinion, I conclude that § 727(e)(1) is a non-jurisdictional statute of limitations subject to waiver, not a statute of repose.